[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10185

_____

D. C. Docket No. 03-14041-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK FREDERICK WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 31, 2009)

Before DUBINA and CARNES, Circuit Judges, and RESTANI,* Judge.

DUBINA, Circuit Judge:

---

* Honorable Jane Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

Appellant Patrick Frederick Williams appeals his life sentence, imposed on remand, for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). We previously remanded this case to the district court for compliance with 18 U.S.C. § 3553(c)(1), requiring the district court to state the reasons for giving Williams a life sentence and to explain why the sentence was appropriate. *See United States v. Williams*, 438 F.3d 1272, 1274–75 (11th Cir. 2006) ("*Williams I*"). In *Williams I*, we: (1) held that "it was not error to enhance Williams'[s] sentence on the basis of prior convictions properly noted in the presentence report (PSI);" (2) found "no constitutional *Booker*[1] error in assigning to Williams a base offense level of 30, the figure used for crack offenses involving between 35 and 50 grams;" (3) rejected Williams's "claim that the trial court committed reversible *Booker* error by construing the sentencing guidelines as mandatory;" and (4) rejected Williams's "claim that his sentence must be vacated because the district court failed to inquire 'whether he affirms or denies that he has been previously convicted as alleged in the information.'" *Id.* at 1273–74 (footnote added) (quoting 21 U.S.C. § 851(b)). In *Williams I*, we also denied Williams's claim that the district court violated his Sixth Amendment rights by considering

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

prior convictions that were not included in the indictment nor found by a jury. *Id.*

I.

In this appeal, Williams argues that his life sentence was procedurally unreasonable because at resentencing the district court treated the Sentencing Guidelines as mandatory, improperly calculated the guideline range, failed to consider the 18 U.S.C. § 3553(a) factors, and failed to adequately explain the chosen sentence by relying on unproven facts from arrest warrants and statements that he made while asserting his right to contest his guilt at trial. Specifically, he asserts that by deciding to construe the previous mandate given by this court narrowly, and failing to consider the § 3553(a) factors in order to impose a lesser sentence, the district court treated the guidelines as mandatory, in violation of *Booker*. Williams also argues that he was not a career offender because his battery of a law enforcement officer ("BOLEO") conviction was not a crime of violence under U.S. Sentencing Guidelines Manual § 4B1.1(a). Williams relies on an intervening Florida Supreme Court decision that held that BOLEO is not a crime of violence. *See State v. Hearns*, 961 So. 2d 211, 212 (Fla. 2007) (holding that battery of a law enforcement officer is not a "forcible felony" under Florida's violent career criminal statute).

II.

We review *de novo* whether the district court complied with our mandate. *United States v. Amedeo*, 487 F.3d 823, 829 (11th Cir.), *cert. denied*, ___ U.S. ___, 128 S. Ct. 671, 169 L. Ed. 2d 526 (2007). Where we issue a limited mandate, "the trial court is restricted in the range of issues it may consider on remand." *United States v. Davis*, 329 F.3d 1250, 1252 (11th Cir. 2003). Particularly where this court holds that there is no merit to a party's objections to his sentence other than that for which the court issues a remand, the district court is foreclosed from addressing any of the other sentencing issues previously raised. *See United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996). A district court's assertion of jurisdiction over matters outside the scope of such a mandate constitutes an abuse of discretion. *Id.* Moreover, a specific mandate is not subject to interpretation. *United States v. Mesa*, 247 F.3d 1165, 1170 (11th Cir. 2001).

"Under the law of the case doctrine, both the district court and the court of appeals are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996). The exceptions to the law of the case doctrine are (1) the presentation of new evidence, or (2) an intervening change in controlling law, or

(3) that the appellate decision is clearly erroneous and would result in manifest injustice if implemented. *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1510 (11th Cir. 1987).

III.

In *Williams I*, we remanded the case because the district court failed to comply with § 3553(c)(1) by offering "no reason for the life sentence it elected to impose upon 26 year-old Williams." 438 F.3d at 1274. Pursuant to § 3553(c)(1), a "court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentenc[ing] . . . range exceeds 24 months, the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1). Under *Booker*, the district court need not state on the record that it has explicitly considered each § 3553(a) factor and need not discuss each factor. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient." *Id.* The weight accorded to the § 3553(a) factors is within the district court's discretion. *See Amedeo*, 487 F.3d at 832.

Our remand was for the limited purpose of compelling the district court to comply with § 3553(c)(1) and did not require a recalculation of either Williams's

5

sentencing range or the sentence imposed.  Our mandate merely required that the district court provide reasons for the life sentence it imposed, but we otherwise found that the sentence was reasonable.  Upon remand, the district court provided reasons in accord with our mandate and *Booker*.  Thus, we conclude that Williams's sentence was not procedurally unreasonable.

IV.

As previously discussed, our limited mandate restricted the district court from revisiting issues on which we affirmed during the first appeal, including whether Williams's sentence should be enhanced because of certain prior convictions.  However, because one exception to the mandate rule is for an intervening change in controlling law, we will consider whether two intervening cases that Williams cites constitute a change in controlling law since the time of our first decision that should be applied now notwithstanding our mandate. Williams claims that the district court erred in classifying him as a career offender based on an earlier BOLEO conviction because the Florida Supreme Court recently held that a BOLEO conviction is not a "forcible felony" for the purposes of sentence enhancement under Florida's violent career criminal statute.  *See Hearns*, 961 So. 2d at 212.  We addressed and rejected this very argument in *United States v. Johnson*, 528 F.3d 1318 (11th Cir. 2008), *cert granted*, ___S. Ct.

6

\_\_\_, 2009 WL 425080 (Feb. 23, 2009). Although *Johnson* is pending review in the Supreme Court, it is still controlling precedent. *See Ritter v. Thigpen*, 828 F.2d 662, 665–66 (11th Cir. 1987)("A grant of certiorari does not constitute new law."). In *Johnson*, we held that the issue of whether a federal statute (in that case the Armed Career Criminal Act) applies to the state law defined crime of battery is a federal question, not a state one. Thus, *Hearns* does not overrule this court's opinion in *United States v. Glover*, 431 F.3d 744, 749 (11th Cir. 2005), which held that a BOLEO conviction is a crime of violence for purposes of the federal sentencing guidelines. Williams argues that our holding in *Glover* must be reconsidered in light of an intervening Supreme Court decision, *Begay v. United States*, 553 U.S. \_\_\_, 128 S. Ct. 1581 (2008). In *Begay*, the Supreme Court held that the felony of driving under the influence is not a "violent felony" under the language of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2006), in part because "[i]t is simply too unlike the [18 U.S.C. § 924(e)(2)(B)(ii)] listed examples . . . to believe that Congress intended the provision to cover it." 553 U.S. \_\_\_, 128 S. Ct. at 1584. Although *Begay* provides guidance for defining a violent felony under the ACCA or an analogous sentencing statute, we do not interpret its holding to require a different outcome in this case or a reexamination

of our holding in *Glover*.  Thus, we conclude that the district court did not err in classifying Williams as a career offender.

On remand, the district court complied with our limited mandate by giving reasons for sentencing Williams to life imprisonment, including his failure to take responsibility for his actions, his lengthy criminal history, the need to promote respect for law, deterrence, and the need to protect the public.  *See* 18 U.S.C. § 3553(c).  Because the district court properly complied with our limited remand and Williams's arguments are meritless, we affirm Williams's sentence.

**AFFIRMED.**