[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 19, 2009
THOMAS K. KAHN
CLERK

No. 09-11122
Non-Argument Calendar

_____

D. C. Docket No. 98-00008-CR-5-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS DEGLACE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 19, 2009)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Carlos DeGlace, a federal prisoner proceeding pro se, appeals from the district court's sua sponte order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(2).

On appeal, Deglace argues that the district court erred by: (1) violating the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) by sentencing him above the statutory maximum sentence prescribed by 21 U.S.C. § 841(b)(1)(C) based on a drug amount that was not alleged in the indictment or found by the jury; (2) failing to sufficiently articulate its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a) in selecting his amended sentence; and (3) failing to consider a further reduction of Deglace's sentence in light of the Supreme Court's decisions in Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and Spears v. United States, 555 U.S. ___, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009). Specifically, Deglace contends that the court should have considered sentencing him below the low end of his amended guideline range in light of the sentencing disparity between powder and crack cocaine offenses. For the reasons set forth below, we affirm.

## I.

In March 2008, the district court sua sponte entered an order finding that

Deglace was eligible for a sentence reduction under § 3582(c)(2) and Amendment 706 to the Guidelines, which retroactively reduced the offense levels applicable to crack cocaine defendants. The court resentenced Deglace to a term of 294 months' imprisonment, which was at the middle of his amended guideline range. In its order, the court did not mention the sentencing factors in § 3553(a).

Deglace appealed, and we affirmed in part and reversed and remanded in part. We remanded the case so that the district court could articulate its consideration of the sentencing factors set forth in § 3553(a). We rejected Deglace's argument that the district court erred by failing to apply the Guidelines in an advisory fashion under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), as well as other issues he raised with regard to his resentencing.

On remand, the court reimposed the same sentence it had imposed during Deglace's initial § 3582(c)(2) proceeding, stating that it considered the § 3553(a) factors in selecting this sentence. The court explained that there were no mitigating or aggravating factors in Deglace's case and, as a result, it selected a sentence at the middle of Deglace's amended guideline range. Deglace then filed the present appeal.

**II.**

3

We generally review a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion. United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). In the § 3582(c)(2) context, we review "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." Id.

A Supreme Court decision does not provide an independent basis for reducing a defendant's sentence under § 3582(c)(2) because a Supreme Court decision is not a retroactive Guideline amendment. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, comment. (n.1(A)); see also United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005) (holding that the Supreme Court's decision in Booker did not provide an independent jurisdictional basis for a sentence reduction under § 3582(c)(2)).

Here, Deglace's argument that he was entitled to relief based on Apprendi lacks merit because Apprendi is not a retroactive guideline amendment and, thus, did not provide a basis for a sentence reduction under § 3582(c)(2).

**III.**

In determining whether, and to what extent, a § 3582(c)(2) motion is warranted, the district court must engage in a two-part analysis. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the district court must substitute

4

the amended base offense level for the originally applied base offense level and determine what sentence it would have imposed had the amended base offense level been in effect at the time of the original sentencing. Id. In making this determination, the district court must leave intact all other guideline application decisions made during the original sentencing. Id. Second, the district court must decide whether, in its discretion, it will elect to impose the newly calculated sentence or retain the original sentence. Id. at 781. In making this determination, the district court: (1) shall consider the § 3553(a) factors; (2) shall consider the nature and seriousness of the danger to any person or the community posed by the reduction; and (3) may consider the post-sentencing conduct of the defendant. U.S.S.G. § 1B 1.10, comment. (n. 1(B)).

With regard to the district court's explanation of its decision whether, and to what extent, a § 3582(c)(2) motion is warranted, "a district court commits no reversible error by failing to articulate specifically the applicability - if any - of each of the [§] 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997).

Here, the district court's statement that it had considered the § 3553(a) factors, and found that the absence of mitigating or aggravating factors justified a

sentence at the middle of Deglace's amended guideline range, sufficiently indicated that it considered the § 3553(a) factors.  Accordingly, the district court did not abuse its discretion, and Deglace's argument as to this issue lacks merit.

**IV.**

"Under the law of the case doctrine, both the district court and the court of appeals are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case."  United States v. Williams, 563 F.3d 1239, 1242 (11th Cir. 2009) (quotation omitted), petition for cert. filed, (U.S. June 29, 2009) (No. 09-5135).

Where we issue a limited mandate:

> [T]he trial court is restricted in the range of issues it may consider on remand.  Particularly where this court holds that there is no merit to a party's objections to his sentence other than that for which the court issues a remand, the district court is foreclosed  from addressing any of the other sentencing issues previously raised.  A district court's assertion of jurisdiction over matters outside the scope of such a mandate constitutes an abuse of discretion.

Id. at 1241-42 (quotation omitted).  "The mandate rule is simply an application of the law of the case doctrine to a specific set of facts."  United States v. Amedeo, 487 F.3d 823, 830 (11th Cir. 2007).  There are three exceptions to the law-of-the-case doctrine: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that

6

issue, or (3) the prior appellate decision was clearly erroneous and would work manifest injustice." Id.; Williams, 563 F.3d at 1242.

In Kimbrough, the Supreme Court considered the status of the crack cocaine sentencing guidelines after its decision in Booker, which rendered the Guidelines advisory. 552 U.S. at ___, 128 S.Ct. at 569-70. The Court held that, after Booker, a district court possessed the authority to vary from the crack cocaine guidelines based upon a policy disagreement with the disparity between the sentences imposed for crack and powder cocaine offenses. Id. at ___, 128 S.Ct. at 564, 574-76. In Spears, the Court reiterated this holding. 555 U.S. at ___, 129 S.Ct. at 843-44. In these decisions, the Court did not indicate that a district court is required to consider the disparity between powder and crack cocaine offenses – rather, the Court merely held that a district court may consider this disparity. See Kimbrough, 552 U.S. at ___, 128 S.Ct. at 564-76; Spears, 555 U.S. at ___, 129 S.Ct. at 841-45. We have held that Booker and Kimbrough do not render the Guidelines advisory in proceedings under 18 U.S.C. § 3582(c)(2). United States v. Melvin, 556 F.3d 1190, 1192-94 (11th Cir.), cert. denied, 129 S.Ct. 2382 (2009).

As noted above, the Guidelines prescribe that, when determining the extent to which it will reduce a defendant's sentence under § 3582(c)(2), a district court must consider the factors set forth in § 3553(a) as well as whether the defendant

poses a danger to public safety. U.S.S.G. § 1B1.10, comment. (n.1 (B)). The Guidelines do not indicate that a district court must consider the disparity between sentences imposed for powder and crack cocaine offenses. See id.

To the extent that Deglace argues that the district court erred by failing to treat the Guidelines as advisory in his § 3582(c)(2) proceeding, we note that we held in Deglace's previous appeal that this argument lacked merit. Accordingly, this argument is foreclosed by the law-of-the-case doctrine. Moreover, this argument is also foreclosed by our controlling precedent. To the extent that Deglace argues that the district court erred by failing to consider the disparity between powder and crack cocaine offenses in deciding the extent to which it would reduce his sentence, this argument also lacks merit. There is no indication that the court was required to consider the sentencing disparity between powder and crack cocaine defendants.

## CONCLUSION

Accordingly, based on our review of the record and the parties' briefs on appeal, we affirm.

**AFFIRMED.**