[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10185

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2010
JOHN LEY
CLERK

D. C. Docket No. 03-14041-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK FREDERICK WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 22, 2010)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before DUBINA, Chief Judge, CARNES, Circuit Judge, and RESTANI,* Judge.

_____

* Honorable Jane Restani, Chief Judge of the United States Court of International Trade,
sitting by designation.

DUBINA, Chief Judge:

In *United States v. Williams*, 563 F.3d 1239 (11th Cir. 2009), we affirmed Patrick Frederick Williams's life sentence as a career offender under U.S.S.G. § 4B1.1 following his conviction for possession of crack cocaine. The Supreme Court vacated our judgment, *Williams v. United States*, 130 S. Ct. 1734 (2010), and remanded the case to us for further consideration in light of its decision in *Johnson v. United States*, __ U.S. __, 130 S. Ct. 1265 (2010). After additional review, we vacate Williams's sentence and remand for re-sentencing.

In *Johnson*, the Supreme Court held that the Florida felony offense of battery was not a "violent felony" under the "physical force" subdivision of the Armed Career Criminal Act ("ACCA"). 130 S. Ct. at 1274; *see also* 18 U.S.C. § 924(e)(2)(B)(i) (2006) (defining "violent felony" in part as any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another"). The Court reasoned that "in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." 130 S. Ct. at 1271. The Court concluded that the Florida battery offense was not a "violent felony" under the "physical force" subdivision of the ACCA because Florida courts have held that the felony battery offense requires proof of only slight,

2

incidental physical contact. *Id.* at 1269, 1274; *see also State v. Hearns*, 961 So. 2d 211, 219 (Fla. 2007) (holding that the Florida crime of battery on a law enforcement officer, "like battery itself, may be committed with only nominal contact").

In this case, the district court apparently relied on Williams's prior conviction for battery on a law enforcement officer as a predicate for sentence enhancement under the career offender provision of the sentencing guidelines.[1] *See* U.S.S.G. § 4B1.1(a) (defining career offender as one who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense"). We hold that, in light of the Supreme Court's ruling in *Johnson*, the fact of a conviction for felony battery on a law enforcement officer in Florida, standing alone, no longer satisfies the "crime of violence" enhancement criteria as defined under the "physical force" subdivision of section 4B1.2(a)(1) of the sentencing guidelines. Though the statutory context here varies somewhat from

---

[1] At the sentencing hearing, the district court did not indicate under which subdivision of the "crime of violence" definition, found in U.S.S.G. § 4B1.2(a), Williams's conviction for battery on a law enforcement officer qualified. We note a general lack of specificity regarding the basis for Williams's career offender enhancement, especially because the record suggests that, in addition to Williams's convictions for battery on a law enforcement officer, Williams pled *nolo contendere* to resisting an officer with violence in violation of Fla. Stat. § 843.01, a third degree felony. Florida courts have noted that a conviction under this statute requires proof of conduct or attempted conduct involving threatened or actual physical force with violence. *Walker v. State*, 965 So. 2d 1281, 1283–84 (Fla. Dist. Ct. App. 2007).

that present in *Johnson*, we have no reason to believe that the words present in the ACCA have a different meaning than the same words used in the sentencing guidelines. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("This court has repeatedly read the definition of a 'violent felony' under § 924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of a 'crime of violence' under U.S.S.G. § 4B1.2.").

At the time of Williams's conviction, Florida law criminalizing battery on a police officer provided as follows:

> Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer . . . the offense for which the person is charged shall be reclassified as follows: . . .
> (b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.

Fla. Stat. § 784.07(2).

> A person commits battery if he:
> (a) Actually and intentionally touches or strikes another person against the will of the other; or
> (b) Intentionally causes bodily harm to an individual.

Fla. Stat. § 784.03(1). We see no evidence in the record, that we may consider under *Shepard v. United States*, to clarify under which of these provisions Williams was convicted. *See* 544 U.S. 13, 26, 125 S. Ct. 1254, 1262 (2005) (limiting fact-finding concerning prior convictions to "the terms of the charging

4

document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information"). To the extent that the district court believed that Williams's conviction for battery on a law enforcement officer was a "crime of violence" because it involved "the use, attempted use, or threatened use of physical force" and thus qualified for enhancement, the sentence must be set aside. Accordingly, we vacate Williams's sentence and remand this case for re-sentencing consistent with this opinion.

**VACATED and REMANDED.**