[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13432
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20235-PCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL CORTES,
a.k.a. Julio Cortes,
a.k.a. Noel Cortes,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 25, 2011)

Before EDMONDSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, Gabriel Cortes appeals his 57-month sentence for one count of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Cortes challenges the district court's calculation of his offense level under U.S.S.G. § 2L1.2. After review, we affirm.

## I. BACKGROUND

### A. Presentence Investigation Report

Cortes's presentence investigation report ("PSI") assigned a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a). Paragraph 11 of the PSI recommended a sixteen-level increase, pursuant to § 2L1.2(b)(1)(A)(ii), because Cortes was previously deported after being convicted of a felony that is a crime of violence. Paragraph 28 of the PSI outlined the details of the prior convictions supporting the sixteen-level enhancement, which consisted of two counts of battery on a police officer and one count of resisting an officer with violence.

According to paragraph 28, on September 11, 2005, Cortes (at age sixteen) crawled under a bathroom stall in a bar and robbed a man at knife-point. The robbery victim reported the crime to the bar manager. A police officer confronted Cortes as he entered a pickup truck. Cortes became violent, shoved the officer and fled into a nearby cemetery. An hour and a half later, the officer found Cortes

crawling on the ground behind the truck, and Cortes fled again. As officers apprehended Cortes, Cortes punched an officer in the chest.

Although the resulting charges initially were filed in juvenile court, on October 3, 2005, Cortes's case was transferred to the criminal division of the Florida Circuit Court, where Cortes was charged as an adult. On February 9, 2006, the criminal court withheld adjudication (on his two battery offenses and one resisting an officer with violence offense) and sentenced Cortes as a youthful offender to 364 days in jail, followed by two years of probation. After Cortes completed his jail term and probation, Cortes was removed to Mexico on October 25, 2008.

## B. Objection to § 2L1.2(b)(1)(A) Enhancement

Cortes objected to the sixteen-level enhancement in paragraph 11 of the PSI. Cortes argued that his withheld adjudications did not count as adult convictions for purposes of U.S.S.G. § 2L1.2(b)(1)(A) because the Florida Circuit Court sentenced him as a youthful offender. Cortes did not object to paragraph 28 of the PSI or dispute the facts relating to the withheld adjudications.

## C. Sentencing

During the sentencing hearing, Cortes admitted that his criminal charges were transferred for prosecution to "adult court," i.e., the criminal division of the

Florida Circuit Court. Cortes submitted copies of records from the Florida Circuit Court relating to the charges. The "Finding of Guilt and Order of Withholding Adjudication/Special Conditions," dated February 27, 2006, stated that, upon a guilty plea, Cortes was found guilty of, inter alia, two counts of "BATTERY/ POLICE OFFICER/FIREFIGHTER/INTAKE OFFICER," and one count of "RESISTING OFFICER WITH VIOLENCE TO HIS PERSON," which were third degree felonies. After finding that "the defendant is not likely to engage in a criminal course of conduct and that the ends of justice and welfare of society do not require that the defendant shall presently suffer the penalty imposed by law," the state court ordered that the adjudication of guilty be withheld.[1]

A separate Florida Circuit Court order, also dated February 27, 2006 and denominated "Sentence," stated that, after "having been adjudicated guilty herein" and the Florida Circuit Court "having given the defendant an opportunity to be heard and to offer matters in mitigation of [the] sentence," Cortes was "committed to the custody of the Dade County Jail (Youthful Offender)" and was "sentenced as a youthful offender in accordance with F.S. 958.04" to a term of 364 days.

---

[1]This language in the order tracks the language of Florida's statute authorizing withheld adjudications in criminal (adult) proceedings. See Fla. Stat. § 948.01(2).

4

After reviewing the language of the Youthful Offender Act and the Florida Circuit Court records, the district court concluded that Cortes's withheld adjudications were "adult conviction[s]." The district court stressed that the case was transferred to the criminal division of the Florida Circuit Court and that the Youthful Offender Act merely gave that adult court "more options to treat a youthful offender more leniently than" someone who was older.

Cortes next argued that his withheld adjudications for two battery offenses and one resisting an officer with violence offense were not crimes of violence for purposes of § 2L1.2(b)(1)(A). The district court overruled Cortes's objection, finding, based on its reading of the PSI, that Cortes's offenses of battery on an officer and resisting an officer with violence involved more than an innocuous touching.

The district court adopted the PSI's factual findings and guidelines calculations, which resulted in an advisory guidelines range of 57 to 71 months' imprisonment. After considering the parties' arguments and the 18 U.S.C. § 3553(a) factors, the district court imposed a 57-month sentence. Cortes filed this appeal.

## II. DISCUSSION

### A. Adult Conviction

5

Section 2L1.2 of the Sentencing Guidelines provides for a sixteen-level increase in the defendant's offense level if the defendant was previously deported after certain kinds of felony convictions, including a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii). The enhancement "does not apply to a conviction for an offense committed before the defendant was eighteen years of age unless such conviction is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." Id. cmt. n.1(A)(iv).[2]

Here, we conclude that Cortes's withheld adjudications are "adult convictions" under Florida law. First, Florida law defines a "conviction" as "a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld." Fla. Stat. § 921.0021(2). Thus, the fact that Cortes's adjudications were withheld did not prevent application of § 2L1.2(b)(1)(A)'s sixteen-level enhancement.

Second, under Florida's Criminal Procedure Law, adult criminal convictions occur in the criminal division of the state's Circuit Courts. See Fla. Stat. § 900.03. Under Florida's Juvenile Justice Act, adjudications of law violations by children under the age of 18 occur in the juvenile court (i.e., the juvenile division of the

---

[2]We review de novo the district court's legal interpretation of the Sentencing Guidelines. United States v. Burge, 407 F.3d 1183, 1186 (11th Cir. 2005).

6

Circuit Courts) "unless, in compliance with the Act, juvenile jurisdiction is waived or the juvenile falls under a statutory exception." State v. Griffith, 675 So.2d 911, 912-13 (Fla. 1996); see also Fla. Stat. § 985.0301(1) (conferring jurisdiction), § 985.35 (providing for adjudicatory hearings in juvenile court). Florida law provides several ways the criminal case of a child fourteen or older may be transferred from juvenile court to adult court for prosecution. See id. §§ 985.556-985.56 (providing for transfer to adult court by voluntary and involuntary waiver and for direct filing of an information in adult court for certain offenses). It is undisputed that Cortes's criminal case began in the juvenile court, but was transferred, pursuant to Florida's Juvenile Justice Act, to the criminal division of the Florida Circuit Court for adult prosecution.

Third, we agree with the district court that the Florida Youthful Offender Act, Florida Statutes § 958.04, does not negate a juvenile's adult conviction in the criminal division of a Florida Circuit Court. See United States v. Wilks, 464 F.3d 1240, 1242-43 (11th Cir. 2006) (concluding that prior Florida convictions supported U.S.S.G. § 4B1.1 career offender enhancement and application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), despite sentencing as a youthful offender because defendant was sentenced in adult court and was

7

otherwise treated as an adult criminal).[3]  Section 958.04 gives the criminal division of the Florida Circuit Court the discretion to sentence eligible defendants who are under 21 years of age as "youthful offender[s]."  Fla. Stat. § 958.04(1).  If the Florida Circuit Court decides to sentence a defendant as a youthful offender, "[i]n lieu of other criminal penalties authorized by law," the court is given an array of alternative sentencing options, such as probation, placement in a community control program, incarceration in county facilities, restitution centers or public or private community residential facilities, and to split sentences between options. Id. § 958.04(2)(a)-(c); see also id. § 958.021 (stating that the purpose of the Florida Youthful Offender Act is "to provide an additional sentencing alternative to be used in the discretion of the court when dealing with offenders who have demonstrated that they can no longer be handled safely as juveniles and who require more substantial limitations upon their liberty to ensure the protection of society" while at the same time encouraging their rehabilitation "by preventing their association with older and more experienced criminals during the terms of their confinement").  Nothing in Florida's youthful offender statute suggests that a

---

[3]We note that, while Wilks involved U.S.S.G. § 4B1.1's career offender provision, that provision, like U.S.S.G. § 2L1.2(b)(1), counts only prior adult convictions and limits an adult conviction for an offense committed before age 18 to one "classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted . . . ."  See U.S.S.G. § 4B1.2 cmt. n.1.

youthful offender's conviction in the criminal division of the Florida Circuit Court is not an adult conviction under Florida law.[4]

In sum, the fact that the Florida Circuit Court later sentenced Cortes as a youthful offender did not change the fact that, under Florida law, it first convicted him as an adult of two counts of battery on an officer and one count of resisting an officer with violence. Accordingly, the district court did not err in counting these withheld adjudications as predicate offenses for purposes of the § 2L1.2(b)(1)(A) sixteen-level enhancement.

## B.    Crime of Violence

Under U.S.S.G. § 2L1.2(b)(1)(A), a "crime of violence" includes, inter alia, any offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Generally, when determining whether a prior conviction is a qualifying offense for purposes of a sentencing enhancement, we use a modified categorical approach, looking at the fact of the conviction, the statutory definition of the prior offense,

---

[4]Cortes's reliance on Green v. State, 975 So.2d 1090 (Fla. 2008), is misplaced. The issue in Green was whether a defendant's New York youthful offender adjudication constituted a conviction for purposes of Florida's death penalty statute. See 975 So.2d at 1112. In any event, the dicta to which Cortes points seems to support our reading of the Florida Youthful Offender Act given that it states that in Florida "youthful offender status appertains to the sentence rather than to the adjudication" and that "youthful offender status does not bear on the issue of whether the adjudication constitutes a conviction." Id. at 1112-13.

and, if the statute encompasses conduct falling both inside and outside the enhancement, certain Shepard-approved documents, such as the charging document, written plea agreement, transcript of the plea colloquy and explicit findings of fact.  United States v. Rainer, 616 F.3d 1212, 1215 (11th Cir. 2010) (involving ACCA enhancement), cert. denied, 131 S. Ct. 968 (2011); United States v. Palomino Garcia, 606 F.3d 1317, 1327-29 (11th Cir. 2010) (involving sixteen-level enhancement in U.S.S.G. § 2L1.2(b)(1)(A)(ii)); see also Shepard v. United States, 544 U.S. 13, 16, 125 S. Ct. 1254, 1257 (2005).[5]

Construing identical language in U.S.S.G. § 4B1.2(a)(1),[6] this Court concluded that, when applying the categorical approach, "the fact of a conviction for felony battery on a law enforcement officer in Florida, standing alone, no longer satisfies the 'crime of violence' enhancement criteria" of physical force. United States v. Williams, 609 F.3d 1168, 1169-70 (11th Cir. 2010).  The Williams court explained that under Florida's battery statute, a person could commit a battery by either actually and intentionally touching someone or by

---

[5]We review de novo a district court's determination that a prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines.  United States v. Ortiz-Delgado, 451 F.3d 752, 754 (11th Cir. 2006).

[6]For purposes of the career offender provision in U.S.S.G. § 4B1.1, § 4B1.2 defines a "crime of violence" to include an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a)(1).

intentionally causing bodily harm to someone. <u>Id.</u> at 1170. The <u>Williams</u> court concluded that there was "no evidence in the record, that we may consider under <u>Shepard v. United States</u>, to clarify under which of these provisions Williams was convicted." <u>Id.</u> <u>Williams</u> relied upon <u>Johnson v. United States</u>, 559 U.S. ___, 130 S. Ct. 1265, 1271 (2010), which concluded that the phrase "physical force" in the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), meant "violent force"—that is, "force capable of causing physical pain or injury to another person." <u>Johnson</u>, 559 U.S. at ___, 130 S. Ct. at 1271; <u>see also</u> <u>Williams</u>, 609 F.3d at 1169.[7]

Cortes argues that, after <u>Williams</u> and <u>Johnson</u>, his Florida convictions for battery on an officer and resisting an officer with violence categorically do not qualify as "crimes of violence" for purposes of § 2L1.2(b)(1)(A). The problem for Cortes is that he did not dispute the facts in paragraph 28 of the PSI, which show that Cortes's Florida offenses did involve violent force. In fact, it is undisputed that Cortes's offenses involved violently shoving an officer and then later punching an officer in the chest.

At sentencing, the district court may rely on facts contained in the PSI that are undisputed and deemed admitted. <u>See</u> <u>United States v. Bennett</u>, 472 F.3d 825,

---

[7]As with U.S.S.G. § 2L1.2(b)(1)(A) and § 4B1.2(a)(1), the ACCA defines a "violent felony" to include a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." <u>See</u> 18 U.S.C. § 924(e)(2)(B)(i).

11

832-34 (11th Cir. 2006).  To the extent Cortes argues for the first time on appeal that the facts in paragraph 28 were drawn from non-Shepard-approved materials, he has not preserved that argument for appellate review.  See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2007) (explaining that the "failure to object to a district court's factual findings [as to the nature of the prior offense] precludes the argument that there was error in them").  Therefore, the district court did not err in concluding that Cortes's Florida withheld adjudications for two counts of battery on an officer and one count of resisting an officer with violence were "crimes of violence" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A).

**AFFIRMED.**