[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2011
JOHN LEY
CLERK

No. 10-14369
Non-Argument Calendar

_____

D.C. Docket No. 2:03-cr-14041-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK FREDERICK WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 13, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Patrick Frederick Williams appeals his life sentence for possession with

intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). Williams

contends that the district court: imposed a procedurally unreasonable sentence; deprived him of due process by failing to conduct a de novo resentencing following our remand in United States v. Williams, 609 F.3d 1168, 1169 (11th Cir. 2010); erred in classifying him as a career offender based on his conviction under Florida law for resisting an officer with violence; and imposed a substantively unreasonable sentence.

I.

In 2004 a jury found Williams guilty of possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). At sentencing, his base offense level was enhanced from 30 to 37 because he qualified as a career offender under U.S.S.G. § 4B1.1(a) based on his prior convictions for battery on a law enforcement officer ("BOLEO") in 1996 and possession with intent to sell or deliver cocaine in 1997. Williams had also been convicted of resisting an officer with violence in 1996, but the PSI did not rely on that conviction in classifying him as a career offender. Based on his criminal history category of VI and his adjusted offense level of 37, Williams' then-mandatory guidelines range was 360 months to life imprisonment, and the district court sentenced Williams to life.

On appeal, we affirmed Williams' conviction but remanded the case for re-

2

sentencing because the district court had failed to state its reasons for imposing a life sentence, which was required by 18 U.S.C. § 3553(c)(1). United States v. Williams, 438 F.3d 1272, 1274 (11th Cir. 2006) ("Williams I"). We rejected the remainder of Williams' arguments. Williams I, 438 F.3d at 1273–74. At his first re-sentencing, Williams objected to being categorized as a career offender based on the Florida Supreme Court's intervening decision in State v. Hearns, 961 So. 2d 211 (Fla. 2007), which held that BOLEO was not a forcible felony under Florida's violent career criminal statute. The district court responded by noting that it was proceeding pursuant to a limited remand and that the only intervening change in federal law was United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), which had rendered the guidelines advisory. To aid appellate review, however, the district court again determined that Williams' BOLEO conviction constituted a crime of violence under federal law and that Williams qualified as a career offender under the guidelines. Williams' advisory guidelines range was calculated to be 360 months to life imprisonment. The district court denied Williams' request for a downward variance, stated its reasons for imposing its sentence, and re-sentenced Williams to life imprisonment.

Williams appealed his second life sentence, which we affirmed. United States v. Williams, 563 F.3d 1239, 1242 (11th Cir. 2009) ("Williams II"). In

Williams II, we explained that under United States v. Johnson, 528 F.3d 1318 (11th Cir. 2008), whether a conviction under state law constitutes a "crime of violence" under the guidelines is a question of federal law. Williams II, 563 F.3d at 1242–43. Accordingly, the Florida Supreme Court's decision in Hearns could not overrule this Court's decision in United States v. Glover, 431 F.3d 744 (11th Cir. 2005), which held that a BOLEO conviction constitutes a crime of violence under the guidelines. Williams II, 563 F.3d at 1243.

The Supreme Court later reversed our decision in Johnson, holding that the Florida felony offense of battery was not categorically a "violent felony" under the Armed Career Criminal Act. Johnson v. United States, 559 U.S. ___, ___, 130 S.Ct. 1265, 1274 (2010). The Supreme Court also vacated and remanded our decision in Williams II in light of its holding in Johnson. Williams v. United States, 130 S.Ct. 1734 (2010). On remand, we vacated Williams' sentence and remanded for another re-sentencing. United States v. Williams, 609 F.3d 1168, 1169 (11th Cir. 2010) ("Williams III"). Specifically, we held that in light of the Supreme Court's holding in Johnson, Williams' BOLEO conviction standing alone could not constitute a "crime of violence" under the "physical force" subdivision of U.S.S.G. § 4B1.2(a)(1). Williams III, 609 F.3d at 1169–70. We noted, however, that it was unclear under which subdivision of the "crime of

4

violence" definition the district court had considered Williams' BOLEO conviction and that Williams had also been convicted of resisting an officer with violence. Id. at 1169–70, n.1. Accordingly, we held:

> To the extent that the district court believed that Williams's conviction for [BOLEO] was a "crime of violence" because it involved "the use, attempted use, or threatened use of physical force" and thus qualified for enhancement, the sentence must be set aside. Accordingly, we vacate Williams's sentence and remand for re-sentencing consistent with this opinion.

Id. at 1170.

On remand, the parties filed a joint motion to continue sentencing, requesting that a new PSI be prepared and objections be permitted because the existing PSI had erroneously based Williams' career offender status on the BOLEO conviction. The district court denied the motion. At Williams' second re-sentencing the court stated that despite Williams' insistence that a de novo re-sentencing was required it would only address his career offender status in light of the limited basis for our remand in Williams III. The probation officer asserted at the hearing that Williams still qualified as a career offender based on his conviction for resisting an officer with violence. In support of that position, the probation officer noted that we held that a conviction for resisting an officer with violence constituted a violent felony under the residual clause of the ACCA in an unpublished manuscript opinion that had been issued five days earlier. See United

5

States v. Hayes, No. 09-12024, 2010 WL 3489973, manuscript op. (11th Cir. Sept. 8, 2010), vacated on other grounds, 2010 WL 5122587 (11th Cir. Dec. 16, 2010).

The district court found that the probation officer correctly calculated Williams' base offense level at 37 in light of his re-classification as a career offender based on his convictions for resisting an officer with violence and possession with intent to sell or deliver cocaine. The district court again re-sentenced Williams to life imprisonment, and Williams objected to the sentence as procedurally and substantively unreasonable.

## II.

Williams argues that the district court deprived him of due process and violated Federal Rule of Criminal Procedure 32[1] by denying his motion to continue his sentencing and his request to order the preparation of a new PSI, or, alternatively, by failing to allow him to submit written objections because the probation officer raised a new basis for the career offender classification at his second re-sentencing hearing. Williams also argues that the district court failed to

[1]Rule 32 provides:

> The probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless . . . the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record.

Fed. R. Crim. P. 32(c)(1)(A)(ii). The Rule does not, however, address the procedure for re-sentencing.

6

give meaningful consideration to his § 3553(a) arguments despite the fact that our remand in Williams III required a new re-sentencing.

We review de novo the district court's compliance with a mandate. United States v. Crape, 603 F.3d 1237, 1241 (11th Cir. 2010). A district court's denial of a motion to continue sentencing is reviewed only for an abuse of discretion. United States v. Douglas, 489 F.3d 1117, 1128 (11th Cir. 2007) ("The defendant has the burden to demonstrate that the denial was an abuse of discretion and that it produced specific substantial prejudice."). We review de novo whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines. United States v. Harris, 586 F.3d 1283, 1284 (11th Cir. 2009).

When we vacate a judgment for consideration in light of a particular decision, the effect is "much more limited in nature" than a general vacatur, as it does not nullify all prior proceedings in the case. United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003) (quotation omitted). Both the Supreme Court and this Court vacated and remanded the judgment in this case in light of Johnson, which was relevant only as to Williams' career offender status. The plain language of our decision in Williams III vacated the district court's sentence only "to the extent" that it was premised on Williams' classification as a career offender based on the treatment of his BOLEO conviction as a crime of violence under §

7

4B1.2(a)(1), and we remanded for "re-sentencing consistent with [that] opinion."

Williams III, 609 F.3d at 1170 (emphasis added).  Thus, while we did not

expressly reaffirm the other components of Williams' sentence, our mandate in

Williams III was limited to the issue of whether Williams had been properly

classified as a career offender in light of the Supreme Court's decision in Johnson.

Williams III, 609 F.3d at 1169.  Accordingly, the district court did not err by

refusing to conduct a de novo re-sentencing or by failing to consider Williams'

arguments concerning the § 3553(a) factors before again imposing a life sentence.[2]

In complying with our mandate in Williams III, the district court did not

deprive Williams of due process or impose a procedurally unreasonable sentence.

First, Williams cannot show that he was prejudiced by the district court's denial of

his motion to continue sentencing because he was on notice that his conviction for

resisting an officer with violence could be used to enhance his sentence based on

our remand in Williams III, which specifically identified that conviction as a

possible predicate offense for the career offender enhancement.  See Williams III,

609 F.3d at 1170 n.1.  Furthermore, the district court allowed Williams to object to

the use of that conviction as a basis for the career offender enhancement and to

---

[2]In light of the district court's compliance with our limited remand, which only required the district court to re-sentence Williams in light of the Supreme Court's holding in Johnson, we likewise decline to address Williams' contentions concerning the substantive reasonableness of his sentence.

8

argue the merits of <u>Hayes</u> and other relevant cases. The district court also stated on the record its reasons for imposing a life sentence: "Based on the defendant's lengthy criminal activity beginning age 13, a [sentence at the] high end of the guideline range would protect the public from further crimes, [and] would act as a deterrent." The court was not required to "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors," <u>United States v. Talley</u>, 431 F.3d 784, 786 (11th Cir. 2005).

Williams' argument that he was improperly classified as a career offender based on his conviction for resisting an officer with violence is foreclosed by our decision in <u>United States v. Nix</u>, 628 F.3d 1341 (11th Cir. 2010), which expressly adopted the reasoning of <u>Hayes</u> and held that a conviction under Florida law for resisting an officer with violence constituted a violent felony under the ACCA. <u>See</u> <u>United States v. Archer</u>, 531 F.3d 1347, 1352 (11th Cir. 2008) ("This court has repeatedly read the definition of a 'violent felony' under § 924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of a 'crime of violence' under U.S.S.G. § 4B1.2.").

**AFFIRMED.**

9