[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13054
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:10-cv-00346-WTH-KRS

CARLOS DEGLACE,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - LOW,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 11, 2012)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Carlos Deglace, a federal prisoner proceeding pro se, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. In his § 2241 petition, Deglace challenged his 1998 convictions and sentences from the Northern District of Florida for conspiring to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). He argued that, pursuant to the Supreme Court's opinion in United States v. O'Brien, 130 S.Ct. 2169 (2010), the drug quantities used to determine his sentence under § 841(b)(1)(A)(iii) were elements of the offense that had to be charged in the indictment and proved to a jury. The district court dismissed his petition because Deglace could not show that the savings clause in 28 U.S.C. § 2255(e) applied such that he could file under § 2241. On appeal, Deglace argues that the district court erred when it found that the savings clause in § 2255(e) did not apply to allow him to file his 28 U.S.C. § 2241 petition. After careful review, we affirm.

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive

2

permission from the court of appeals before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b), 2255(h).

A provision of § 2225, however, permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to § 2241. That provision, known as the "savings clause," provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); Gilbert v. United States, 640 F.3d 1293, 1305-06 (11th Cir. 2011) (en banc), cert. denied, 132 S.Ct. 1001 (2012). The burden is on the movant to establish the inadequacy or ineffectiveness of the § 2255 remedy. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).[1] "A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a)." Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008). Thus, "challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." Id. at 1352.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Moreover, a remedy by motion under § 2255 is not rendered "inadequate or ineffective" simply because an individual is procedurally barred from filing a second or successive § 2255 motion. Gilbert, 640 F.3d at 1308.

We have previously suggested that a prisoner might bring a § 2241 motion pursuant to the § 2255(e) savings clause if the Supreme Court decided a "circuit law-busting, retroactively applicable Supreme Court decision" that established that he had been convicted of a nonexistent crime. Wofford v. Scott, 177 F.3d 1237, 1245 (11th Cir. 1999); but see Gilbert, 640 F.3d at 1319 (clarifying that this language was dicta and that "[t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings"). In addition, we have adopted a standard whereby "the petitioner must show that he was imprisoned for conduct that was not prohibited; i.e., he must show that he is actually innocent." Sawyer, 326 F.3d at 1366. A petitioner may not argue the merits of his claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to his claim. Wofford, 177 F.3d at 1244 n.3.

In this case, the district court did not err by dismissing Deglace's § 2241 petition. For starters, the claim that Deglace sought to raise in his § 2241 petition -- that a jury should have been allowed to decide the drug quantity that triggered his

4

mandatory minimum sentence under § 841(b)(1)(A)(iii) -- could not be raised in a § 2241 petition without application of § 2255(e)'s savings clause, because it is within the scope of § 2255.  See Antonelli, 542 F.3d at 1351 n.1.  Deglace is not challenging the execution of his sentence, but he is attacking collaterally the validity of his total sentence, and this type of claim cannot be raised in a § 2241 petition.  Id. at 1352.  He acknowledged having filed at least one  previous § 2255 motion, which was denied.  Thus, his claim did not fall withing § 2255(e)'s savings clause because it was a sentencing claim that could have been, and indeed was, raised in an earlier proceeding.  See Gilbert, 640 F.3d at 1319; United States v. Deglace, 353 F.App'x. 310, 311 (11th Cir. 2009).  Therefore, Deglace could only have raised this sentencing issue in a successive § 2255 motion upon permission from this Court.  See 28 U.S.C. §§ 2244(b), 2255(h).

Moreover, Deglace cannot rely upon the Wofford dicta to show that the remedy available under §2255 was inadequate or ineffective to test the legality of his detention, because he was not convicted of any crime which a "circuit law-busting, retroactively applicable Supreme Court decision" has made "nonexistent."  Wofford, 177 F.3d at 1245; Gilbert, 640 F.3d at 1319.  As for Deglace's claim that he is relying on a new rule of law that comes from the Supreme Court's decision in O'Brien, the holding in O'Brien was limited to a rule of statutory construction of §

5

924(c)(1)(b)(ii). See O'Brien, 130 S.Ct. at 2180. It concerns only a narrow provision within § 924(c), and does not apply to Deglace's conviction for a 21 U.S.C. § 841 offense. See id. Deglace has pointed to no case law suggesting that the holding in O'Brien might be extended to stand for the proposition that the quantity of drugs for which a defendant is convicted is a question for the jury.

Finally, even assuming that Deglace had shown that O'Brien applied to the facts of his conviction and was made retroactive, he has not shown that he was imprisoned for a nonexistent offense. See Wofford, 177 F.3d at 1245. As applied to Deglace's case, O'Brien would only clarify the standard necessary to prove the drug quantities that trigger the mandatory minimum sentences under 21 U.S.C. § 841(b), and would not invalidate the underlying offenses. See Sawyer, 326 F.3d at 1366 (explaining that a claim that merely clarifies the standard by which a defendant may be found guilty does not open the portal to a § 2241 proceeding). Deglace does not suggest that he did not actually commit the crimes of distribution and possession with the intent to distribute cocaine, but makes only a legal argument that a jury should have been allowed to decide the quantities that were involved in those offenses. Thus, he has not raised the type of defect that can support a claim under the savings clause.

**AFFIRMED.**