[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14185

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARQUAVION TILLMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:20-cr-00012-CAR-CHW-1

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Marquavion Tillman appeals his sentence of 78 months' imprisonment for possessing a firearm as a felon and possessing a stolen firearm. Tillman argues that the district court erred by increasing his criminal history score by two points under United States Sentencing Guidelines Manual § 4A1.1(e) because his previous convictions under Georgia law were not for crimes of violence. Tillman also argues that the court gave him an unreasonable sentence because it referenced a book when commenting on his past conduct, and because it failed to consider his allocution and other mitigating factors. Because the sentence was both procedurally and substantively reasonable, we affirm.

## I.

Tillman pleaded guilty to knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and possessing a stolen firearm with knowledge or reasonable cause to believe it was stolen, in violation of 18 U.S.C. §§ 922(j), 924(a)(2). At sentencing, Tillman's counsel asserted various mitigating factors, and Tillman allocuted about his family background and non-violent tendencies.

The district court added three points to Tillman's criminal history score under U.S.S.G. § 4A1.1(a) because he had a previous sentence for obstruction and three counts of family violence

battery. It also applied two more criminal history points under Section 4A1.1(e) because his convictions for family violence battery concerned a "crime of violence." It thus determined the advisory sentencing range to be 63 to 78 months. After considering the factors in 18 U.S.C. § 3553(a), the court sentenced Tillman to 78 months' imprisonment. It reasoned that his criminal history seemed to indicate sociopathic conduct, referencing a book by a psychiatrist about family violence. It also stated that Tillman had no respect for the law and that imprisonment would deter him from further criminal conduct and protect the public. Tillman now appeals his sentence.

## II.

Tillman argues first that his sentence was procedurally unreasonable because the court incorrectly calculated the guideline range. Specifically, he asserts that his prior family violence battery convictions did not concern crimes of violence warranting a two-point increase under Section 4A1.1(e). He then argues that the sentence was substantively unreasonable because the court gave undue weight to his criminal history, improperly relied on a book, and did not consider his allocution or other mitigating factors. We consider each of these arguments in turn.

### A.

We first examine the procedural reasonableness of the sentence. This Court reviews *de novo* a district court's conclusion that a prior conviction is a crime of violence under the sentencing

guidelines. *United States v. Romo-Villalobos*, 674 F.3d 1246, 1247 (11th Cir. 2012). In doing so, "we typically apply a categorical approach. That is, we look only at the fact of conviction and the statutory definition of the prior offense." *Id.* at 1248. Section 4A1.1(e) provides for a one-point increase to a defendant's criminal history score for each prior sentence for a "crime of violence" that did not receive any points because it was treated as a single sentence. A crime of violence is defined, in part, as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a)(1); *Id.* § 4A1.1, comment. (n.5) (stating that, for purposes of Section 4A1.1(e), "crime of violence" is defined by Section 4B1.2(a)). We have clarified that "physical force" under this section means "*violent* force—that is, force capable of causing physical pain or injury to another person." *United States v. Williams*, 609 F.3d 1168, 1169–70 (11th Cir. 2010) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)).

Tillman was convicted of Georgia family violence battery, which occurs when a person "intentionally causes substantial physical harm or visible bodily harm to another" household member. Ga. Code § 16-5-23.1(a), (f)(2). The definition of simple battery in Section 16-5-23(a)(2) is almost identical to family violence battery, except it is does not require that the harm be substantial or visible. And we held in *Hernandez v. U.S. Atty. Gen.* that that category of simple battery is a crime of violence under 18 U.S.C. § 16(a) because Georgia courts have interpreted it to require "actual physical contact that inflicts pain or injury." 513 F.3d 1336, 1339–40 (11th

Cir. 2008). The definition of "crime of violence" in Section 16(a) is virtually the same as the one in Section 4B1.2(a)(1). So, because "there is no meaningful distinction between the relevant elements of Georgia simple battery and Georgia family violence battery," *Hernandez*, 513 F.3d at 1341, the latter is a crime of violence under the Sentencing Guidelines. The district court therefore did not err in increasing Tillman's criminal history score under Section 4A1.1(e).

## B.

We turn next to the substantive reasonableness of the sentence, which we review for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence within the Guidelines range will generally be reasonable, especially when it falls well below the statutory maximum. *United States v. Gonzales*, 550 F.3d 1319, 1324 (11th Cir. 2008). A district court abuses its discretion if it does not consider factors that are due substantial weight, significantly weighs an improper factor, or clearly errs in its judgment in considering sentencing factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

While courts must be guided by the Section 3553(a) factors, they need not explicitly state that they considered each factor or discuss each factor. *United States v. Thomas*, 446 F.3d 1348, 1357 (11th Cir. 2006). An acknowledgement that the court considered the factors is enough. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Courts may weigh one sentencing factor

substantially more than others, and this discretion is especially pronounced when considering a defendant's criminal history. *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021). A court's failure to discuss mitigating evidence does not demonstrate that it failed to consider the evidence. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

Here, Tillman's sentence of 78 months' imprisonment fell within the Guidelines range of 63 to 78 months, and it was well below the statutory maximum of 10 years. *See* 18 U.S.C. § 924(a)(2). The court stated that it considered the Section 3553(a) factors. *See Turner*, 474 F.3d at 1281. And it was not required to state that it considered Tillman's allocution or mitigating arguments. *See Amedeo*, 487 F.3d at 833. The court's comment about Tillman's past sociopathic conduct concerned his criminal history, his respect for the law, deterrence, and protection of the public. *See id.* § 3553(a)(1), (2)(B), (2)(C). The court had substantial discretion to consider such factors. *See Riley*, 995 F.3d at 1279. We therefore conclude that the sentence was substantively reasonable.

### III.

Tillman's sentence was procedurally reasonable because the elements of Georgia family violence battery fall within the definition of a crime of violence under Section 4B1.2(a)(1), and a two-point increase to Tillman's criminal history score under Section 4A1.1(e) was therefore warranted. The sentence was also substantively reasonable because the district court acted within its

20-14185　　　　　　Opinion of the Court　　　　　　　　7

considerable discretion in weighing the sentencing factors, and it was not required to specifically discuss the mitigating assertions made by Tillman or his counsel.

**AFFIRMED.**