[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13497

_____

D. C. Docket No. 06-00327-CR-J-33-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS DARNELL JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 30, 2008)**

Before CARNES and MARCUS, Circuit Judges, and DUBOSE,[*] District Judge.

_____

[*] Honorable Kristi DuBose, United States District Judge for the Southern District of
Alabama, sitting by designation.

CARNES, Circuit Judge:

Curtis Darnell Johnson was convicted of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g). He was sentenced under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA), because he had three earlier convictions that the district court determined to be for violent felonies. One of them was for battery in Florida, which would have been a misdemeanor had it not been elevated to felony status under state law because Johnson had an earlier battery conviction. See Fla. Stat. § 784.03(2).

In this appeal from his sentence on the § 922(g) conviction Johnson contends that he should not have been sentenced as an armed career criminal, because felony battery under Florida law does not come within the definition of "violent felony" that is contained in the ACCA, 18 U.S.C. § 924(e)(2)(B). His contention depends on the proposition that the crime of battery under Florida law is not necessarily a "violent" one under the ACCA. That Act's definition of a "violent" crime is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. § 924(e)(2)(B)(i). If battery under Florida law fits within that description, it is a violent crime for ACCA purposes; if not, then not.

The crime of battery under Florida law, as we have explained before,

2

requires at a minimum the actual and intentional touching or striking of another person against that other person's will. United States v. Llanos-Agostadero, 486 F.3d 1194, 1197 (11th Cir. 2007); see also United States v. Glover, 431 F.3d 744, 749 (11th Cir. 2005). Because of that, we have held that a Florida battery conviction is one for a "crime of violence" within the meaning of U.S.S.G. § 2L1.2(b)(1), Llanos-Agostadero, 486 F.3d at 1196–98, and also within the meaning of U.S.S.G. § 4B1.2, Glover, 431 F.3d at 749. The relevant part of the "violence" definition for purposes of those two guidelines provisions is identical to the definition of the violence element in § 924(e)(2)(B)(i)—"the use, attempted use, or threatened use of physical force against the person of another." Compare U.S.S.G. § 2L1.2(b)(1) cmt. n.1(B)(iii), with U.S.S.G. § 4B1.2(a)(1), and 18 U.S.C. § 924(e)(2)(B)(i). It follows that our Llanos-Agostadero and Glover decisions about this same definition of violence apply with full force in § 924(e)(2)(B)(i) cases, unless they have been overruled in some relevant respect.

They have, Johnson argues, pointing to the Florida Supreme Court's decision in State v. Hearns, 961 So. 2d 211 (Fla. 2007), which decided that battery was not a "forcible felony" for purposes of that state's own violent career criminal statute. Id. at 219. His thesis is that Hearns interprets state law in a way that is inconsistent with the state law premise of our Llanos-Agostadero and Glover

3

decisions, which must yield to the authoritative interpretation of Florida law by the highest court of that state.

If state law changes or is clarified in a way that is inconsistent with the state law premise of one of our earlier decisions, the prior panel precedent rule does not bind us to follow our earlier decision. United States v. Chubbuck, 252 F.3d 1300, 1305 n.7 (11th Cir. 2001) ("[T]he prior precedent rule would not apply if intervening on-point case law from . . . the Florida Supreme Court existed."); Venn v. St. Paul Fire & Marine Ins. Co., 99 F.3d 1058, 1066 (11th Cir. 1996); Hattaway v. McMillian, 903 F.2d 1440, 1445 n.5 (11th Cir. 1990). Johnson is right about that principle, but it does not help him for two reasons.

The first reason is that our decision in Llanos-Agostadero did not come out before the Florida Supreme Court's Hearns decision, but after it—nineteen days later. Because Hearns had been issued and was part of Florida law at the time Llanos-Agostadero was decided, it cannot have changed state law after Llanos-Agostadero was issued. Any change or clarification of law that Hearns effected existed before Llanos-Agostadero was decided. Emphasizing that the opinion in Llanos-Agostadero does not mention Hearns and came only nineteen days later, Johnson suggests that maybe the prior panel overlooked the Hearns decision. Maybe, but we have categorically rejected an overlooked reason or argument

4

exception to the prior precedent rule. Smith v. GTE Corp., 236 F.3d 1292, 1302–03 (11th Cir. 2001) (categorically rejecting an "overlooked reason" exception to the prior precedent rule); see also Tippitt v. Reliance Standard Life Ins. Co., 457 F.3d 1227, 1234 (11th Cir. 2006) (referring to and following "our decisions that a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel"); Saxton v. ACF Indus., 239 F.3d 1209, 1215 (11th Cir.) ("[T]hat holding [of the earlier panel] is the law of this Circuit regardless of what might have happened had other arguments been made to the panel that decided the issue first." (quotation marks and citation omitted)), vacated, 244 F.3d 280 (11th Cir. 2001) (en banc); Turner v. Beneficial Corp., 236 F.3d 643, 650 (11th Cir. 2000) ("Nor is the operation of the rule dependent upon the skill of the attorneys or wisdom of the judges involved with the prior decision—upon what was argued or considered."), vacated, 242 F.3d 1023 (11th Cir. 2001) (en banc).

The second reason that the Hearns decision cannot free Johnson from the binding effect of our Llanos-Agostadero precedent is that Hearns is not inconsistent with any state law premise in our decision. This Court in Llanos-Agostadero applied the federal law definition of "violence" with the understanding that any actual or intentional touching or striking of another against that other

5

person's will is simple battery under Florida law. Llanos-Agostadero, 486 F.3d at 1197. We recognized that simple battery may become a felony if a specified aggravating circumstance is present. Id. at 1197–98. Those state law predicates of our decision are not inconsistent with any of the state law holdings in the Hearns case. Hearns, 961 So. 2d at 218–19 (explaining that any intentional touching against another person's will is battery even if insufficient to injure).

What the Florida Supreme Court decided in Hearns is that the crime of battery, even when aggravated to a felony because of the status of the victim, does not invariably involve enough force to fit within the residual clause of the "forcible felony" definition in that state's violent career criminal statute, Fla. Stat. §§ 775.084(1)(d), 776.08 (defining forcible felony to include "any other felony which involves the use or threat of violence against any individual"). Hearns, 961 So.2d at 213–19. The Hearns decision would have been binding on us if we had been interpreting or applying Florida's violent career criminal statute in the Llanos-Agostadero case or here. See Keener v. Convergys Corp., 342 F.3d 1264, 1267 (11th Cir. 2003); Roboserve, Ltd. v. Tom's Foods, Inc., 940 F.2d 1441, 1450–51 (11th Cir. 1991). We were not, however, interpreting and applying that Florida statute in the Llanos-Agostadero case or in this one. We were and are applying a federal statute. The issue of whether the federal Armed Career Criminal Act

6

applies to the state law defined crime of battery is a federal question, not a state one.

For that reason, nothing that the Florida Supreme Court said in Hearns about that state's violent career criminal statute binds us. What we held in Llanos-Agostadero does bind us. We follow its holding in concluding that the touching or striking element in the Florida crime of battery satisfies the physical force requirement of the definition of violent felony or crime of violence contained in 18 U.S.C. § 924(e)(2)(B)(i) and in the guidelines provisions that include the same definition, U.S.S.G. § 2L1.2(b)(1) cmt. n.1(B)(iii), and § 4B1.2(a)(1). Our conclusion here is consistent with our recent decision in United States v. Young, No. 07-14780 ___ F.3d ___ (11th Cir. May 19, 2008). That case involved the issue of whether the Florida crime of using fluids to commit battery of a child, Fla. Stat. § 784.085, is a crime of violence within the meaning of U.S.S.G. § 4B1.2(a)(1). After acknowledging the existence of the Hearns decision, we nonetheless held that the crime was one of violence because "[t]he impact of the fluids against the child creates pressure and this minimal impact satisfies the requirement of physical force." Young, No. 07-14780, slip op. at 2275–76.

Johnson raises a few other issues, all of which are ruled out by binding precedent. His contention that the definition of felony for ACCA purposes does

7

not include a misdemeanor that became a felony only because of a state recidivist statute is foreclosed by the Supreme Court's recent decision in United States v. Rodriquez, No. 06-1646, 553 U.S.___, ___ S. Ct. ___ (May 19, 2008). His contention that the district court lacked the authority to sentence him as an armed career criminal because he did not admit in his guilty plea to the facts necessary to being one is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998). And his contention that his sentence of 185 months for being an armed career criminal in possession of ammunition violates the Cruel and Unusual Punishment Clause of the Eighth Amendment is foreclosed by United States v. Lyons, 403 F.3d 1248, 1257 (11th Cir. 2005) (upholding against a cruel and unusual punishment attack a sentence of 235 months for an armed career criminal convicted for being a felon in possession of ammunition); see also Ewing v. California, 538 U.S. 11, 30–31, 123 S. Ct. 1179, 1190 (2003) (upholding a sentence of 25 years to life for a recidivist who stole three golf clubs); Rummel v. Estelle, 445 U.S. 263, 265–66, 285, 100 S. Ct. 1133, 1134–35, 1145 (1980) (upholding a life sentence with parole possibility for a recidivist who fraudulently obtained $120.75).

AFFIRMED.