[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10520
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-20911-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESMAR JASON AKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 21, 2009)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Desmar Akins appeals his convictions and sentence of 353 months of

imprisonment for being a felon in possession of a firearm, possession with intent to distribute cocaine base, and carrying a firearm during and in relation to a drug trafficking crime. 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A), 924(e)(1); 21 U.S.C. § 841(a)(1). Akins challenges the denial of his motion to suppress and the sentence he received as an armed career criminal. We affirm.

## I. BACKGROUND

Officers of the Miami Dade Police Department received an anonymous tip that drugs were being sold and guns were seen during the transactions at a residence in Perrine, Florida. Four detectives on the Crime Suppression Team, Jorge Travieso, Jason Gamble, Alexis Hernandez, and Ricardo Rizzo, drove past the residence in two unmarked police cars and observed three or four men standing in the front yard. The detectives, who were wearing vests marked "Police" and displaying police badges, parked the police cars in the driveway and approached the house to investigate.

As the detectives approached, Akins ran to the back yard with his right hand pressed against the front waistband of his pants. Detective Travieso chased Akins and saw him reach in his pants and pull out a silver object, at which point Detective Travieso yelled, "Gun!," to warn his fellow officers. Detective Rizzo tackled Akins, and a silver gun fell out of Akins's right hand. Detective Travieso

2

seized and inspected the gun, which was a fully-loaded .44 caliber revolver. Detective Rizzo arrested Akins and seized from his right front pants pocket a white paper towel wrapped around 16 plastic bags of crack cocaine. Akins was transported to a hospital and treated for injuries to his right leg.

Akins was indicted for being a felon in possession of a firearm, possession with intent to distribute cocaine base, and carrying a firearm during and in relation to trafficking in drugs. 18 U.S.C. §§ 922(g)(1), 924(c)(1)(a), 924(e)(1); 21 U.S.C. § 841(a)(1). Akins moved to suppress the revolver and the drugs. Akins argued that the police lacked specific, articulable facts that would allow them to stop him or to seize the evidence.

A magistrate judge held a hearing on Akins's motion to suppress. Detectives Travieso and Rizzo testified about Akins's flight, his apprehension, and the seizure of his revolver and the crack cocaine. The owner of the Perrine residence, Dixie Woodard, testified that before Akins's arrest, her son and some of his friends were holding a barbecue. Ms. Woodard admitted that she did not see Detective Travieso chase Akins and she came out of the house after she heard Akins "hollering" that his leg was hurt. Ms. Woodard acknowledged on cross-examination that in the past police had arrested individuals with drugs in her yard.

Akins testified and denied that he had a gun or drugs. Akins testified that he

3

fled from the unmarked cars, he stopped when he realized it was the police, and he was pistol-whipped and kicked by Detective Rizzo.

The magistrate judge recommended that the district court deny Akins's motion to suppress. The magistrate judge ruled that the combination of the anonymous tip, the high crime area, and Akins's decision to flee provided the detectives with reasonable suspicion to stop Akins. The magistrate judge also ruled that the detectives could seize both the revolver because it was in plain view and the cocaine because it was discovered during a search incident to Akins's arrest.

The district court denied Akins's motion to suppress. The district court found that the detectives "acted reasonably" by stopping Akins. The court ruled that the detectives acquired reasonable suspicion to further investigate after Akins fled.

A jury found Akins guilty of the firearms and drug crimes. 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A), 924(e)(1); 21 U.S.C. § 841(a)(1). The presentence investigation report listed Akins's base offense level at 24 because he possessed between 5 and 20 grams of cocaine base. The report listed Akins's long criminal history and stated that Akins was an armed career criminal because of his three prior convictions in Florida courts for burglary of an unoccupied dwelling,

4

possession with intent to sell or deliver cocaine, and battery on a police officer. 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4(a). According to the report, Akins battered an officer by striking him on the left knee with a moving vehicle. With a total offense level of 33 and a criminal history of VI, the report listed a sentencing range for Akins between 235 and 293 months of imprisonment, and a consecutive 60-month term for carrying a firearm.

Akins objected to his classification as an armed career criminal. Akins argued that his conviction for battery of a police officer did not qualify as a violent felony under state law. Akins alleged that Florida courts did not consider the crime to be a "forcible felony" because the statute could be violated for an unwanted touching.

At the sentencing hearing, the district court overruled Akins's objection to his classification. The district court ruled that Akins's argument was foreclosed by our decision in United States v. Johnson, 528 F.3d 1318 (11th Cir. 2008). The district court sentenced Akins to 293 months for his possession of a firearm, a concurrent sentence of 240 months for his possession of cocaine, and a consecutive sentence of 60 months because Akins was carrying a firearm during his drug crime. The district court explained that it calculated Akins's sentence based on his long criminal history and stated that, "even if [Akins] were not treated as a career

5

criminal, I think [the time imposed] would be the just sentence under the facts of this case based upon his history."

## II. STANDARDS OF REVIEW

On denial of a motion to suppress, we review findings of fact for clear error and the application of law to those facts de novo. United States v. Gordon, 231 F.3d 750, 753–54 (11th Cir. 2000). We construe all facts in the light most favorable to the government. Id. at 754. We apply harmless error review to the sentence imposed and we will not remand if the record establishes that the district court would have imposed the same sentence absent the error. See Williams v. United States, 503 U.S. 193, 203, 112 S. Ct. 1112, 1121 (1992).

## III. DISCUSSION

Akins presents two arguments for our consideration. First, Akins argues that the police lacked reasonable suspicion to stop him. Second, Akins argues that his prior conviction in Florida for battery on a police officer does not qualify as a violent felony. These arguments fail.

The district court did not err by denying Akins's motion to suppress. The detectives were allowed to approach the Perrine house and investigate the validity of an anonymous tip about cocaine and weapons at a home located in a high crime area and known to host individuals who possess drugs. See United States v.

Franklin, 323 F.3d 1298, 1301 (11th Cir. 2003). At the sight of the police, Akins withdrew a silver object from his pants, and the detectives reasonably interpreted his action as indicia that Akins was engaged in an unlawful activity. See United States v. Heard, 367 F.3d 1275, 1280 (11th Cir. 2004) ("[A] suspect's adverse reaction to police may independently corroborate information provided by an anonymous informant."). Akins's flight was also suggestive of guilt. Franklin, 323 F.3d at 1302; Gordon, 231 F.3d at 756–57.

Any error in sentencing Akins as an armed career criminal was harmless. The district court stated that, regardless of whether the sentence enhancement applied, it would have imposed the same sentence because of Akins's long criminal history. See United States v. Keene, 470 F.3d 1347, 1348–49 (11th Cir. 2006). That sentence was reasonable. See id. at 1349; see also 18 U.S.C. § 3553(a). The district court considered the sentencing factors and explained that a long sentence was necessary to "protect the public from future crimes [by] [Akins], to afford adequate deterrence to criminal conduct, to promote respect for the law, and to provide just punishment."

## IV. CONCLUSION

We **AFFIRM** Akins's convictions and sentence.

7