HLD-131      (May 2010)                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1646
_____

EDWARD C. BROWN,
                                        Appellant
v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 09-cv-00858)
District Judge:  Honorable William J. Nealon

_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
May 28, 2010
Before:  MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges

(Opinion filed: June 11, 2010)

_____

OPINION
_____

PER CURIAM.

        Edward Brown, a federal prisoner proceeding pro se, appeals an order of

the United States District Court for the Middle District of Pennsylvania dismissing his

1

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an order denying his motion for reconsideration. We will affirm.

In 1996, Brown was convicted in the United States District Court for the Southern District of Florida of possession of a firearm by a convicted felon and possession of ammunition by a convicted felon. He was sentenced to 300 months in prison. The United States Court of Appeals for the Eleventh Circuit affirmed the judgment on direct appeal.

In 1998, Brown moved to vacate his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Florida, asserting that the sentencing court improperly enhanced his sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), and that counsel failed to raise this issue on direct appeal. In denying Brown's motion, the District Court determined that Brown's sentence was properly enhanced based on three prior violent felony convictions for aggravated battery, resisting arrest with violence, and burglary.

Brown attempted to challenge his sentence enhancement again in 2008 by filing a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Florida. The District Court dismissed the petition as an attempt to file a second or successive § 2255 motion, explaining that Brown was required to obtain the authorization of the court of appeals to file such a motion. Brown then unsuccessfully moved for leave to file a second or successive § 2255 motion in the United

2

States Court of Appeals for the Eleventh Circuit.

In 2009, Brown filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania challenging his sentencing enhancement. The District Court dismissed the petition, concluding that Brown was required to seek relief under § 2255. The District Court stated that a § 2255 motion was not an "inadequate or ineffective" remedy because the Eleventh Circuit Court of Appeals had denied his request to file a second or successive § 2255 motion. The District Court also rejected Brown's argument that a § 2255 motion was "inadequate or ineffective" because he had no means to raise a claim of actual innocence under Begay v. United States, 553 U.S. 137 (2008). The District Court denied Brown's subsequent motion for reconsideration, which presented additional arguments in support of his habeas petition. This appeal followed.

As recognized by the District Court, motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is not inadequate or ineffective because the petitioner is unable to meet § 2255's gatekeeping requirements. Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam). Rather, a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of

3

scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. at 538.

Brown has not made such a showing. The fact that Brown was unable to meet § 2255's gatekeeping requirements does not render a § 2255 motion "inadequate or ineffective." Brown's case is also distinguishable from In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), in which we allowed the petitioner to raise a Bailey claim under § 2241.[1] The petitioner in that case had no earlier opportunity to challenge his conviction for a crime that Bailey may have negated. Id. at 251. Although Brown contends that the Supreme Courts' decision in Begay prohibits the use of one of his prior convictions to enhance his sentence, Begay held that a conviction for driving under the influence of alcohol is not a "violent felony" for purposes of the ACCA. Begay, 553 U.S. at 139. Brown's sentence was not enhanced based on such a conviction and Begay is inapplicable.[2]

The District Court also rejected Brown's argument that the United States

---

[1] In Bailey, the Supreme Court held that a defendant could not be convicted of using a firearm during and in relation to a drug-trafficking crime under 18 U.S.C. § 924(c)(1) unless the government proved that the defendant "actively employed the firearm during and in relation to the predicate crime." Dorsainvil, 119 F.3d at 247 (citation omitted).

[2] In addition, Brown contends that Begay prohibits the use of his conviction for carrying a concealed weapon to enhance his sentence, but it does not appear that his sentence was enhanced based on such a conviction. See Brown v. United States, S.D. Fl. 98-cv-08425, Magistrate Judge's Report at 11(stating that Brown's sentence was enhanced based on his convictions for aggravating battery, resisting arrest with violence, and burglary).

4

Supreme Court's grant of certiorari in <u>United States v. Johnson</u>, 528 F.3d 1318 (11th Cir. 2008), which held that a conviction for simple battery under Florida law constitutes a "violent felony" under the ACCA, supports the conclusion that his sentence was improperly enhanced. The Supreme Court has since reversed <u>Johnson</u>, holding that the sentencing court erred in enhancing the defendant's sentence based on his prior simple assault conviction. <u>Johnson v. United States</u>, 130 S. Ct. 1265, 1269-72 (2010). Brown's sentence, however, was enhanced based on his prior conviction for aggravated battery under Fla Stat. § 784.045, not simple battery under Fla. Stat. § 784.03. Thus, his reliance on <u>Johnson</u> is misplaced.

Finally, the District Court did not err in denying Brown's motion for reconsideration. Because this appeal does not raise a substantial question, we will summarily affirm the District Court's orders.