[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10111
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cr-80103-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY L. RAZZ, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 16, 2017)

Before MARTIN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Rodney Razz, Jr. appeals the 180-month sentence he received after pleading guilty to two counts of possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  After careful review, we affirm.

I.

On June 30, 2015, Razz was indicted on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Pursuant to a plea agreement, he pleaded guilty to both counts in exchange for the government's recommendation for a sentence reduction under USSG § 3E1.1.

At his change of plea hearing, Razz clarified his understanding that the penalties discussed in his plea agreement would apply only if he were found to be an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924.  He made clear he was not stipulating to being an armed career criminal.  During the plea colloquy, Razz confirmed he understood that, if he qualified as an armed career criminal, the maximum term of imprisonment for each count would be life and the mandatory minimum would be 15 years.  The district court explained to Razz that his sentence would be determined at the sentencing hearing.

The government then read the factual basis for Razz's plea.  After reciting the facts underlying Razz's gun possession, the government said that a certified criminal history from the Palm Beach County Circuit Court reflected that Razz had

2

previously been convicted of three felonies: (1) selling cocaine within a thousand feet of a place of worship or convenience business, resulting from his conduct on September 20, 2006; (2) aggravated battery with a deadly weapon and retaliating against a witness, resulting from his conduct on December 13, 2006; and (3) robbery with a firearm, resulting from his conduct on October 20, 2011.  The court then asked Razz if he agreed with the proffered factual basis:

> Court: And do you agree all those facts are true and correct?
> Razz:  Do I agree that they are true?
> Court: Yes. What he said is true, that you were found – your DNA was found on these guns.
> Razz:  Yes, sir. Yes, sir. Yeah.
> Court: Therefore you possessed the guns and the ammunition that –
> Razz:  Yes, sir. Yes, sir.
> Court: – that I described in the count – the two counts that you're pleading guilty.  You possessed those firearms and the ammunition that was found in those weapons, yes?
> Razz:  Yes, sir.
> Court: Okay. And you were a convicted felon before you had those guns in your possession and the ammunition in your possession, correct?
> Razz:  Yes, sir.

The court found that the admitted facts supported convictions for both counts and accepted Razz's guilty plea.

The Presentence Investigation Report ("PSR") found that Razz qualified for an enhanced sentenced under the ACCA based on three of his earlier felony convictions: sale of cocaine, aggravated battery with a deadly weapon, and robbery with a deadly weapon.  It then provided factual narratives for these three

3

convictions, which it gleaned from unspecified "court records." Within these factual narratives, the PSR specified the dates on which Razz committed and was convicted of these offenses. Specifically, it said Razz: (1) committed his sale of cocaine offense in September 2006 and pleaded guilty on July 9, 2007; (2) committed aggravated battery in December 2006 and pleaded guilty on July 9, 2007; and (3) committed robbery with a weapon in October 2011 and pleaded guilty in June 2013. Based on a total offense level of 31 and a criminal history category of VI, the PSR calculated a guideline range of 188-months to 235-months imprisonment. The statutory penalty range was 15 years to life.

Razz filed several objections to the PSR. Relevant here, Razz argued he did not qualify for an enhanced sentence under the ACCA because his 2013 conviction for robbery with a deadly weapon does not count as a violent felony. The core of his argument was that United States v. Lockley, 632 F.3d 1238 (11th Cir. 2011), which held that a Florida robbery under Fla. Stat. § 812.13(1) is a violent felony under the ACCA's elements clause, had been abrogated by Descamps v. United States, 570 U.S. ___, 133 S. Ct. 2276 (2013), and Moncrieffe v. Holder, 569 U.S. ___, 133 S. Ct. 1678 (2013). Razz also objected to the "facts contained in the factual narrative[s]" of his convictions for aggravated battery and robbery with a weapon. In his objection to the factual narrative of his robbery offense, Razz also pointed out that "pursuant to Shepard v. United States, 544 U.S. 13, 125 S. Ct.

4

1254 (2005), it is inappropriate to rely on the allegations in the arrest and booking sheet for the alleged circumstances of a prior offense." Thus, he argued, "the paragraphs purporting to provide the circumstances of the offense should be removed" from the PSR unless the sources of those paragraphs were valid Shepard documents.

At sentencing, Razz reiterated his objection to his armed career criminal classification, largely relying on the arguments he made in his objections to the PSR. The district court overruled this objection and stated that it must follow Lockley until the Eleventh Circuit directs otherwise. Razz also reiterated his objection that the facts used in the PSR to describe his prior convictions did not come from Shepard-approved sources and should therefore be removed. The court overruled this objection because those facts were not "the basis for any ruling on his guideline or the enhancements under the sentencing laws." Then, the district court granted Razz a downward variance and sentenced him to 180-months imprisonment for each count, to run concurrently.

## II.

On appeal, Razz challenges his sentence on several grounds. First, he says the district court erred in finding his prior robbery with a weapon conviction to be a violent felony under the ACCA. We review de novo whether a prior conviction

is a violent felony within the meaning of the ACCA.  United States v. Howard, 742 F.3d 1334, 1341 (11th Cir. 2014).

Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces a mandatory minimum 15-year sentence if he has at least three prior convictions for either a "serious drug offense" or a "violent felony."  18 U.S.C. § 924 (e)(1).  The ACCA defines a violent felony as any crime punishable by a term of imprisonment exceeding one year that:

> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 924(e)(2)(B).  The first prong of this definition, § 924(e)(2)(B)(i), is referred to as the "elements clause," while the second prong, § 924(e)(2)(B)(ii) contains the "enumerated crimes" clause and the "residual clause."  United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).  The Supreme Court has now struck down the residual clause as unconstitutionally vague.  Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551, 2557 (2015).  And the "enumerated crimes" clause does not apply here, as robbery with a weapon is not among the crimes enumerated in § 924(e)(2)(B)(ii).  Thus, Razz's robbery with a weapon conviction can only qualify as a "violent felony" under the elements clause.  If the offense does does not have "as an element the use, attempted use, or threatened use of physical force against

6

the person of another," § 924(e)(2)(B)(i), then Razz cannot be subject to the ACCA's 15-year mandatory minimum sentence, and his sentence cannot exceed 10 years. See 18 U.S.C. § 924(a)(2).  Important to this analysis is the Supreme Court's statement that "physical force" in the ACCA's elements clause means "violent force," Curtis Johnson v. United States, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271 (2010), or a "substantial degree of force."  Owens, 672 F.3d at 971 (holding that second-degree rape in Alabama does not qualify as a violent felony under the ACCA because the relevant Alabama statute requires neither "strong physical force" nor "a substantial degree of force").

To determine whether a prior conviction falls within the ACCA's elements clause, we apply the "categorical approach."  This means we look only to the elements of the statute under which the defendant was convicted, and not at the facts underlying the prior conviction.  See Mathis v. United States, 579 U.S. ___, 136 S. Ct. 2243, 2253 (2016); Descamps, 133 S. Ct. at 2283.  If the "least of the acts criminalized" by the statute does not have as an element actual, attempted, or threatened use of violent force or a substantial degree of force against another person, then the defendant's conviction under that statute is not a violent felony within the meaning of the elements clause.  Moncrieffe, 133 S. Ct. at 1684 (quotation omitted and alteration adopted).  Thus, when applying the categorical approach, we must identify the "least culpable conduct" prohibited by the statute of

conviction and presume that the defendant's conviction rested on "nothing more" than this conduct.  Donawa v. U.S. Att'y Gen., 735 F.3d 1275, 1283 (11th Cir. 2013); Moncrieffe, 133 S. Ct. at 1684 (quotation omitted and alteration adopted). To identify the least culpable conduct, we look to how state courts interpret the statute.  See United States v. Rosales–Bruno, 676 F.3d 1017, 1021 (11th Cir. 2012) ("[W]e look to Florida case law to determine whether a conviction under § 787.02 necessarily involves the employment of 'physical force' as that term is defined by federal law.").  And as part of this step, we must analyze "the version of state law that the defendant was actually convicted of violating."  McNeill v. United States, 563 U.S. 816, 821, 131 S. Ct. 2218, 2222 (2011).

Razz was convicted of robbery with a weapon under Fla. Stat. § 812.13. Both now and in 2013 (the time of Razz's conviction), that statute defined robbery as "the taking of money or other property . . . from the person or custody of another, with intent to either permanently or temporarily deprive the person . . . when in the course of the taking there is the use of force, violence, assault, or putting in fear."  Fla. Stat. § 812.13(1).  When, during the course of a robbery, "the offender carried a weapon, then the robbery is a felony of the first degree."  Id. § 812.13(2)(b).

In Lockley, we considered whether a 2001 Florida attempted robbery conviction under § 812.13(1) counts as a "crime of violence" within the meaning

8

of the elements clause in USSG § 4B1.2(a)(1).[1]  See 632 F.3d at 1240.  We applied

the categorical approach and identified the least culpable conduct prohibited by §

812.13 to be taking by putting the victim in fear.  Id. at 1244.  We then consulted

Magnotti v. State, 842 So. 2d 963 (Fla. 4th DCA 2003), a Florida state court case

that said "[t]he fear contemplated by [§ 812.13] is the fear of death or great bodily

harm."  632 F.3d at 1242.  Finally, we found it "inconceivable" that any conduct

causing this kind of fear would not involve the use or threatened use of physical

force.  Id. at 1245.  Based on this analysis, we held that Lockley's attempted

robbery conviction constitutes a crime of violence as defined by the elements

clause of the Sentencing Guidelines.  Id.

Under Lockley's analysis, Razz's 2013 robbery with a weapon conviction

qualifies as a violent felony within the meaning of the ACCA's elements clause.

Razz argues Lockley was abrogated by Descamps and Moncrieffe. But as

explained above, Lockley's categorical analysis took all the formal steps required

by Descamps, Moncrieffe, and the other categorical approach cases.  Razz also

says Lockley improperly ignored Florida state court decisions that say robbery by

"putting in fear" does not require the use or threat of force.  However, even

accepting Razz's argument that the Lockley panel failed to consider all the relevant

Florida decisions, we are bound by Lockley under our prior panel precedent rule

---

[1] The elements clause in USSG § 4B1.2(a)(1) is identical to the ACCA's elements clause.
Thus, Lockley controls our analysis here.

9

"unless and until it is overruled by this court en banc or by the Supreme Court."[2] United States v. Brown, 342 F.3d 1245, 1246 (11th Cir. 2003).  As a result, the district court did not err by ruling that Razz's prior robbery with a weapon conviction is a violent felony under the ACCA's elements clause.

## III.

Razz's second argument is that his 2007 aggravated battery conviction under Fla. Stat. § 784.045 does not count as a violent felony under either the elements clause or the enumerated crimes clause of the ACCA.  However, in his initial brief, Razz acknowledges Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328 (11th Cir. 2013), which held that Florida aggravated battery qualifies as a violent felony under the ACCA's elements clause.  Id. at 1341.  Further, he does not provide any reasons for why his aggravated battery conviction does not count as a violent felony until his reply brief.  Because Razz raised all of his arguments for the first time in his reply brief, we do not consider them.  See United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir. 1984).  We therefore affirm the district court on this issue.

---

[2] We have noted that "the prior panel precedent rule does not bind us to follow" an earlier decision "[i]f state law changes or is clarified in a way that is inconsistent with the state law premise" of that decision.  United States v. Johnson, 528 F.3d 1318, 1320 (11th Cir. 2008), rev'd and remanded on other grounds, 559 U.S. 133, 130 S. Ct. 1265 (2010).  Razz does not argue that Lockley is inconsistent with intervening state law.

IV.

Next, Razz argues his 2007 conviction for selling cocaine in violation of Fla. Stat. § 893.13(1)(e) does not qualify as a "serious drug offense" under the ACCA. See 18 U.S.C. § 924(e)(2)(A) (defining "serious drug offense"). However, he does not provide any reasons—good or bad—in either his initial brief or his reply brief. Specifically, his reply brief does not mention this issue at all, and his initial brief contains only an acknowledgment of United States v. Smith, 775 F.3d 1262 (11th Cir. 2014), which held that a conviction under Fla. Stat. § 893.13(1) does count as a "serious drug offense" under the ACCA. Id. at 1268. Thus, we affirm the district court on this issue as well.

V.

Razz's fourth argument is that the district court erred in counting his aggravated battery and sale of cocaine convictions as separate offenses under the ACCA. Although we usually review de novo whether crimes were committed on "occasions different from one another" within the meaning of the ACCA, United States v. Canty, 570 F.3d 1251, 1254–55 (11th Cir. 2009), we review Razz's argument for plain error because he failed to raise it in the district court. United States v. Johnson, 694 F.3d 1192, 1195 (11th Cir. 2012). To demonstrate plain error, Razz must show that there is (1) error (2) that is plain and (3) that affects substantial rights. Id. "'Plain' is synonymous with 'clear' or, equivalently,

11

'obvious.'" United States v. Olano, 507 U.S 725, 734, 113 S. Ct. 1770, 1777 (1993).

Razz is subject to the ACCA's mandatory minimum 15-year sentence only if his three qualifying convictions were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The government bears the burden of proving by a preponderance of the evidence that Razz's prior convictions each "arose out of a separate and distinct criminal episode." United States v. Sneed, 600 F.3d 1326, 1329 (11th Cir. 2010) (quotation omitted). To meet this burden, the government must use only "reliable and specific evidence," United States v. Almedina, 686 F.3d 1312, 1315 (11th Cir. 2012), which means it is restricted to documents approved by Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005). See United States v. McCloud, 818 F.3d 591, 595–96 (11th Cir. 2016). Shepard documents include charging documents, written plea agreements, plea colloquy transcripts, and undisputed statements in PSRs. See id. Even where the gaps are small, distinctions in time and place are typically sufficient to separate criminal episodes from one another so long as "some temporal break" occurs between them. Sneed¸ 600 F.3d at 1330 (quotation omitted); see United States v. Spears, 443 F.3d 1358, 1360 (11th Cir. 2006) (per curiam) (holding that two prior robbery convictions were separate felonies for ACCA purposes where they were separated by only a few minutes).

Razz says the district court erred in counting his sale of cocaine and aggravated battery convictions as separate offenses because they were resolved in state court on the same date and the government failed to meet its burden of showing that they were separate offenses. In response, the government argues it met its burden because (1) Razz admitted to committing three separate felonies at his change of plea hearing; and (2) the PSR set forth the dates on which Razz committed each of his three qualifying felonies.

Razz raises an interesting question about whether the government met its burden in proving that his sale of cocaine and aggravated battery convictions were separate offenses. First, although the government's proffer at Razz's change of plea hearing specifically included the dates on which Razz reportedly committed each of his three qualifying offenses, Razz did not admit to committing the offenses on those dates. In fact, the plea colloquy transcript makes clear that Razz only admitted to the elements of his two convictions under 18 U.S.C. §§ 922(g)(1) and 924(e): that he (1) possessed guns and ammunition; and (2) was a convicted felon when he gained possession of those guns and ammunition. Thus, he admitted to having at least one prior felony conviction, but he did not admit to committing three separate ACCA-qualifying felonies on different dates. See also Descamps, 133 S. Ct. at 2288 ("[W]hen a defendant pleads guilty to a crime, he waives his right to a jury determination of only that offense's elements; whatever he says, or

13

fails to say, about superfluous facts cannot license a later sentencing court to impose extra punishment.").

Second, although the PSR contains the dates on which Razz reportedly committed his three prior felonies, the government can only rely on "undisputed portions of the PS[R]" to prove that Razz's sale of cocaine and aggravated battery convictions were separate offenses. McCloud, 818 F.3d at 598. Here, Razz objected to the entire factual description of his aggravated battery offense in the PSR. And though we have long held that "challenges to the facts contained in the PS[R] must be asserted with specificity and clarity," see United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006) (per curiam), a defendant can meet this requirement by "identif[ying] the specific PS[R] paragraphs to which he objects and stat[ing] that the reason for his objection is that the source of those facts is a particular non-Shepard document." McCloud, 818 F.3d at 599. Razz's objection to the PSR's factual description of his aggravated battery offense arguably complied with this requirement, as he asserted (albeit in a section objecting to the factual description of his robbery offense) that facts taken from non-Shepard sources should be removed from the PSR. And if Razz's objection was sufficient, then the facts in the PSR purporting to describe Razz's aggravated battery offense would not be undisputed portions of the PSR. In that scenario, the government

14

would not have any valid basis for demonstrating that Razz's aggravated battery conviction was a separate offense from his sale of cocaine conviction.

But on this record, even if the district court erred by counting Razz's aggravated battery conviction and sale of cocaine conviction as separate offenses in the absence of sufficient evidence, that error was not plain. Specifically, it was not "obvious" that Razz could have committed his sale of cocaine offense in the same episode as his aggravated battery offense based on the facts available to the district court. Olano, 507 U.S. at 734, 113 S. Ct. at 1777; Sneed, 600 F.3d at 1329–30. As a result, the district court did not plainly err in counting those two convictions as separate offenses under the ACCA.

## VI.

Next, Razz argues that pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and its progeny, the district court violated his Fifth and Sixth Amendment rights by enhancing his sentence under the ACCA. In Apprendi, the Supreme Court said any fact that increases the maximum penalty for a crime must be submitted to a jury, except for a fact of prior conviction. 530 U.S. at 476. As Razz correctly concedes, Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), currently precludes his argument. This is because the Almendarez-Torres Court held that the fact of a prior conviction is not an element of the crime that must be submitted to a jury. Id. at 226–27, 118 S. Ct. at 1222.

15

The district court did not therefore violate Razz's Fifth and Sixth Amendment rights by enhancing his sentence under the ACCA without submitting his prior convictions to a jury.

## VII.

Razz's sixth and final argument is that his sentence is procedurally and substantively unreasonable. Specifically, he says his sentence is unreasonable because the district court erroneously enhanced his sentence under the ACCA. However, we have considered and rejected all of Razz's ACCA challenges. Because Razz's unreasonableness argument depends on his ACCA enhancement being erroneous, our conclusion that his ACCA enhancement is not erroneous forecloses his unreasonableness challenge.

**AFFIRMED.**