[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14809
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60051-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDER ASENCIO ALFARO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 21, 2017)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Alexander Asencio Alfaro appeals the 72-month sentence he received after pleading guilty to one count of illegal reentry into the United States after having been previously removed, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  We have carefully reviewed this appeal and we affirm.

I.

On April 14, 2016, Alfaro pleaded guilty to one count of illegal reentry into the United States after having been previously removed, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  Alfaro was removed from the United States to his native El Salvador after being convicted in 2009 of aggravated battery with a deadly weapon in violation of Fla. Stat. § 784.045(1)(a)(2).  Based on this earlier conviction, the district court applied a 16-level enhancement under United States Sentencing Guidelines ("USSG") § 2L1.2(b)(1)(A)(ii) (2015).  This produced a guideline range of 70-to-87 months imprisonment.  The district court imposed a sentence of 72 months.

II.

Alfaro first argues the district court erred by applying the 16-level enhancement under USSG § 2L1.2(b)(1)(A)(ii).  We review a district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error.  United States v. Smith, 480 F.3d 1277, 1278 (11th Cir. 2007).

2

The Sentencing Guidelines provide a 16-level increase for a defendant who was previously deported after being convicted of a "crime of violence." USSG § 2L1.2(b)(1)(A)(ii). The Guidelines define "crime of violence" as "any [] offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. § 2L1.2 cmt. n.1(B)(iii).

Under Florida law, aggravated battery with a deadly weapon is a simple battery in which the defendant "[u]ses a deadly weapon." Fla. Stat. § 784.045(1)(a)(2). Alfaro argues that this does not qualify as a "crime of violence" for purposes of the § 2L1.2(b)(1)(A)(ii) enhancement because § 784.045(1)(a)(2) does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2 cmt. n.1(B)(iii).

This Court has already considered whether Fla. Stat. § 784.045(1)(a)(2) "has as an element the use, attempted use, or threatened use of physical force," and we held that it does. See Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1341 (11th Cir. 2013), abrogated on other grounds by Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015).[1] Alfaro argues Turner was wrongly decided

---

[1] Turner considered whether § 784.045(1)(a)(2) constitutes a "violent felony" under the "elements clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i). See Turner, 709 F.3d at 1341. The ACCA's elements clause is identical to the definition of

because, as the Florida Fourth District Court of Appeal has held, "the aggravated battery statute does not require using the weapon to commit the touching that constitutes the battery." Severance v. State, 972 So. 2d 931, 934 (Fla. 4th DCA 2007) (en banc). Rather, a conviction under § 784.045(1)(a)(2) is permissible if the defendant was "holding a deadly weapon without actually touching the victim with the weapon." Id.

Even accepting that the Turner panel failed to consider Severance, we are bound by Turner under our prior panel precedent rule "unless and until it is overruled by this court en banc or by the Supreme Court."[2] United States v. Brown, 342 F.3d 1245, 1246 (11th Cir. 2003). As a result, the district court did not err by ruling that Alfaro's Florida conviction for aggravated battery with a deadly weapon is a "crime of violence" requiring a 16-level enhancement under § 2L1.2(b)(1)(A)(ii).

### III.

Next, Alfaro claims his sentence is substantively unreasonable. We review the reasonableness of a sentence under an abuse of discretion standard. United

---

"crime of violence" under USSG § 2L1.2 cmt. n.1(B)(iii). Therefore, Turner controls our analysis here.

[2] We have noted that "the prior panel precedent rule does not bind us to follow" an earlier decision "[i]f state law changes or is clarified in a way that is inconsistent with the state law premise" of that decision. United States v. Johnson, 528 F.3d 1318, 1320 (11th Cir. 2008), rev'd and remanded on other grounds, 559 U.S. 133, 130 S. Ct. 1265 (2010). Alfaro does not argue that Turner is inconsistent with intervening state law.

4

States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).  The burden is on the party challenging the sentence to show that the sentence was unreasonable.  Id. at 1189.

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, deter criminal conduct, and protect the public from the defendant.  18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, pertinent policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  See id. §§ 3553(a)(1), (3)–(7).  The weight given to any specific factor "is committed to the sound discretion of the district court."  United States v. Dougherty, 754 F.3d 1353, 1361 (11th Cir. 2014).  However, "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted).

We cannot say Alfaro's sentence is substantively unreasonable.  Alfaro claims the sentence is unreasonable because the district court failed to adequately

5

consider Alfaro's motivations for returning to the United States—namely, to escape the general conditions of violence in El Salvador, to obtain employment, and to reunite with his family.  But the record shows the district court did take these factors into account.  At the sentencing hearing, Alfaro informed the court of the "reasons [] why he has reentered," including that El Salvador is "fraught with violence" and that "he was unable to find work" there.  The government then argued for a sentence at the low end of the guideline range.  The government said that despite the number and seriousness of Alfaro's prior convictions—for aggravated battery with a deadly weapon, attempted burglary, possession of cocaine, and illegal entry—"a sentence at the low end of the guideline range . . . would be a fair and just punishment."  Before imposing Alfaro's sentence, the district court said it "consider[ed] [the] statements by all the parties," conducted "a complete review of the entire" Presentence Investigation Report, and "considered all of the statutory factors as set forth in 18 U.S.C., Section 3553(a)."  Only then did the court impose the 72-month sentence, which was at the lower end of the 70-to-87 month guideline range.  Because the district court did not fail to consider any § 3553(a) factors, and because the weight given to any of the factors is within the discretion of the district court, we cannot say the court abused that discretion in reaching this within-guidelines sentence.

    **AFFIRMED.**