[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13229
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00391-SDM-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER BOWEN BALFREY,
a.k.a. Bo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 19, 2017)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Christopher Bowen Balfrey appeals the 151-month sentence he received after pleading guilty to weapons and drug-trafficking charges. After careful review, we affirm.

I.

On February 8, 2016, Christopher Balfrey pled guilty to one count of conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and one count of possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c).

The presentence investigation report ("PSR") determined Balfrey should be sentenced as a career offender because of his prior Florida felony convictions for robbery and delivery of cocaine. See United States Sentencing Guidelines § 4B1.1(a) ("A defendant is a career offender if . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."). Based on his career-offender status, the PSR calculated a base offense level of 32, which it reduced by three levels for acceptance of responsibility, resulting in a total offense level of 29. The PSR assigned Balfrey a criminal history category of VI, as required for all defendants subject to the career-offender enhancement. Id. § 4B1.1(b). Based on his offense level and criminal history category, Balfrey's guideline range was 151 to 188 months imprisonment. In

addition, the PSR determined Balfrey was subject to a consecutive, mandatory-minimum sentence of 60 months for his conviction for possession of a firearm in furtherance of a drug-trafficking crime. See 18 U.S.C. §§ 924(c)(1)(A)(i), (D)(ii) (imposing a consecutive "term of imprisonment of not less than 5 years" for any person convicted of possessing a firearm in furtherance of a drug-trafficking crime).

At sentencing, the district court adopted the PSR's calculation of Balfrey's guideline range. Balfrey argued for a below-guideline sentence "in the range of 10 years or less." Balfrey said his career-offender status overstated his actual criminal history and risk of recidivism because he was a minor when he committed both of the prior felonies that resulted in these convictions. In response, the government argued for a sentence of 151-months imprisonment plus the 60-month consecutive term required under § 924(c). The government emphasized that Balfrey was not a "low level dealer" and is "a violent person," as evidenced by his prior conviction for robbery. The government also mentioned Balfrey's refusal to enter into a plea agreement or otherwise cooperate with the government. The government said that Balfrey's decision not to cooperate is the reason "why . . . [he is] looking at the guideline terms that he is." The district court then continued the sentencing for several weeks to allow Balfrey a chance to reconsider whether he wanted to cooperate with the government.

3

When sentencing resumed, Balfrey told the court he still did not wish to cooperate with the government. Balfrey's counsel stressed that Balfrey did not want the court to think he had been insincere in reconsidering whether to cooperate. In response to this, the district court said:

> Actually, I give no consideration to any of it one way or the other. And I don't have any part and don't accept any part in any of the discussions between [the] United States and the defense or make any speculations or any findings about who was trying to do what to whom.

The court then proceeded with sentencing. The court "considered the [sentencing] factors at 18 U.S.C. [§] 3553." The court found that Balfrey's convictions were for "serious offenses that represent an example of a serious and persistent form of conduct that threatens the community." But the court also recognized that Balfrey's only prior convictions were for crimes he committed "as a younger person," and that he "had some number of adult years of improved conduct" since committing those earlier crimes. In light of these "extenuating circumstances," the court sentenced Balfrey to a below-guideline sentence of 91 months, plus the 60-month mandatory consecutive term, for a total sentence of 151-months imprisonment.

## II.

Balfrey first argues the district court erred in finding that his prior Florida conviction for robbery, Fla Stat. § 812.13(1), is a predicate offense for the career-

4

offender enhancement.  As Balfrey acknowledges, he did not raise this objection below, so our review is for plain error.  See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam).

This Court has already considered whether Florida robbery constitutes a "crime of violence" for purposes of the career-offender enhancement, and we held that it does.  United Sates v. Lockley, 632 F.3d 1238, 1241–45 (11th Cir. 2011).  We are bound by Lockley.[1]

In arguing that Florida robbery is not a "crime of violence," Balfrey cites the Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015).  Johnson struck down as unconstitutionally vague the so-called "residual clause," which gave one definition of what a "violent felony" is under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii).  Id. at 2563.  Balfrey appears to argue that, in light of Johnson, Florida robbery is no longer a "crime of violence" under the identical residual clause in the Sentencing Guidelines.  See USSG § 4B1.2(a)(2) (2014).  However, the Supreme Court held in Beckles v. United States, 580 U.S. ___, 137 S. Ct. 886 (2017), that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause."  Id. at 890.  Because Balfrey's career-offender enhancement was imposed under the advisory

---

[1] We have noted that "the prior panel precedent rule does not bind us to follow" an earlier decision "[i]f state law changes or is clarified in a way that is inconsistent with the state law premise" of that decision.  United States v. Johnson, 528 F.3d 1318, 1320 (11th Cir. 2008), rev'd and remanded on other grounds, 559 U.S. 133, 130 S. Ct. 1265 (2010).  Balfrey does not argue that Lockley is inconsistent with intervening state law.

guidelines, he cannot bring a vagueness challenge. See id. As a result, his Florida robbery conviction remains a valid predicate for the career-offender enhancement under Lockley.

## III.

Next, Balfrey argues his sentence is both procedurally and substantively unreasonable. We review the reasonableness of a sentence for an abuse of discretion. United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010) (per curiam).

Balfrey says his sentence was procedurally unreasonable because the district court, in determining his sentence, took his failure to cooperate with the government into consideration. The record shows otherwise. In discussing Balfrey's decision not to cooperate, the district court expressly said: "I give no consideration to any of it one way or the other." But, even if the district court had considered Balfrey's refusal to cooperate, this Court has held that "a court is absolutely entitled to consider a defendant's failure to cooperate at the time of sentencing." United States v. Malekzadeh, 855 F.2d 1492, 1498 (11th Cir. 1988). Therefore, Balfrey's sentence was not procedurally unreasonable.

Finally, Balfrey challenges his sentence on the ground that it was substantively unreasonable. The district court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C.

6

§ 3553(a)(2), including the need to reflect the seriousness of the offense, deter criminal conduct, and protect the public from the defendant. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, and the history and characteristics of the defendant, among other things. See id. §§ 3553(a)(1), (3)–(7). The weight given to any specific factor "is committed to the sound discretion of the district court." United States v. Dougherty, 754 F.3d 1353, 1361 (11th Cir. 2014). However, "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted).

Balfrey says his sentence is substantively unreasonable because the district court failed to properly consider the fact that his prior offenses were committed when he was a teenager and he had no criminal activity for ten years after those offenses early in his life.[2] But the record shows the district court did take these factors into account. The court recognized that Balfrey's only prior convictions were for crimes he committed "as a younger person." The court also recognized

_____

[2] It is not clear whether Balfrey also raises the district court's alleged reliance on his decision not to cooperate as a claim of substantive unreasonableness. To the extent he does, we reject that argument for the same reasons set out above.

7

that he had "some number of adult years of improved conduct." It was precisely because of these "extenuating circumstances" that the court sentenced Balfrey to a below-guideline sentence.

Because the district court did consider these mitigating factors, Balfrey is essentially arguing that the district court did not accord enough weight to them. However, the weight given to any particular factor under § 3553(a) is "committed to the sound discretion of the district court." Dougherty, 754 F.3d at 1361. Therefore, on this record, we cannot say the district court abused its discretion.

**AFFIRMED.**